## TOWNSEND et al. v. COCKE.

### MISTAKE. *MEASURE OF PROOF.*

1. A settlement of a contract, and a note given in pursuance of the same, will not be set aside except upon clear and satisfactory proof.

### FRAUD.—*Abatement of purchase money.*

2. Where the vendor of real estate represented that a well on the premises had a never failing supply of water, whereas in fact it went dry every summer and fall, which fact the vendor knew, *held* that the unpaid purchase money should be abated to the extort of the injury the vendee had thereby sustained.

WRIGHT, J., delivered the opinion of the Court :

One question here is as to the payment of $1,039.50 made the 6th of December, 1858, to the Bank of Tennessee at Athens, and whether by the complainant, William S Townsend, or by the defendant Cocke. If by the latter, it is claimed as a credit upon the debt due by him to the complainants ; if by the former, it is conceded no credit is to be given on that account. The Chancellor was of opinion that this payment had been made by William S. Townsend, and so decireed, and in this opinion we concur.

The facts, as connected with this payment, are these :

On the 24th of November, 1855, the said Townsend, as trustee to the complainants—who are his wife and children—sold to said Cocke a tract of land in Hamilton county at the price of $15,000, $2,000 of which he paid in cash, and out of the residue he was to retain a sum sufficient to pay, on the 1st day of October next, thereafter, the amount he *then* owed said Bank, and which, as stated in the agreement between the parties it was believed, would be $6,350, leaving of the original price, a balance of 6,650, for which he executed his note, with security, to William S. Townsend as trustee to complainants, due the 15th of October next thereafter.

The bill is filed to enforce the payment, from the defendant, Cocke, of this last mentioned note, and it is upon this note, that he insists he should have the credit.

The said Cocke had purchased this land of the Bank on the fourth of December, 1851, at the price of $7,500 —and of this had paid $750 in cash—and had executed his note for the balance, which was $6,750, and which he was to pay, with interest, in instalments, paying one tenth thereof annually.

On the third of January, 1852, he sold his land to one Perry E. Burch, at a profit of $1,000, who, with William S. Townsend, undertook to pay the debt to the Bank and releive Cocke therefrom.

On the 9th of June, 1853, the said Burch sold this land, thus encumbered to William S. Townsend, as trustee for the complainants ; and as before stated, they, through their trustee, re-sold the same on the 24th of November, 1855, to said Cocke; the land, in the meantime, having been very greatly improved by complainants.

At the time of Burch's purchase he paid Cocke, $500, and he and Townsend executed to him their note for $1250, which covered the cash instalment paid to the bank by Cocke, and the profit coming to him in the resale of the land. And though they failed to pay the bank the instalment due in December, 1852, and Cocke had it to pay—yet they refunded it to him and paid the $1250 on the 19th of June, 1853. The instalments of 1851 and 1852, and said sum of $9,039.50, the instalment of 1853, constituted the only payment, which had been made to the bank on the 24th of November, 1858, when complainant resold the land to Cocke. The debt to the bank, for which the sum of $6350 was retained by Cocke, was the balance due it upon the sale of this land, $6313.50, being less than the sum retained.

It is insisted by Cocke, that in the settlement with complainants—for the price of the land—on the 24th of November, he made a mistake to the extent of $1,039.50, in not retaining that sum more than he did, and in not executing to the trustee of the complainants his note for a less sum, by that amount. In a transaction so easy and simple as this, and of such recent date, it is difficult to believe such a mistake could have been made.

Certainly, the settlement and execution of the note must be held *prima facie* evidence of their correctness, and incapable of being overturned, save by clear and satisfactory proof of the mistake. This, we think, is not made. We lay out of view the testimony of William S. Townsend as incompetent. He is a witness for complainant, and if allowed to testify, is against the defendant Cocke. The only other testimony upon which

we can rely with any confidence, is that of Campbell, the Cashier of the Bank. He thinks Cocke made one or two payments, besides the sum paid down at the sale, and his best recollection is that no one else made any payments, and that they were made to him—but admits that in his testimony, he may be mistaken, as he was ccasionally absent from the bank. This, we think, is not sufficient to establish the mistake.

There is another view of this matter, which it seems to us, is decisive against the defendant Cocke. By the terms of the contract between him and complainants on the 24th of November 1855, he could only retain a sum sufficient to pay what was then due the bank, with interest to the 1st of October afterwards. This we have seen he did. He was not authorized to retain for sums which had heretofore been paid—whether the payment was by him or William S. Townsend.

It is next insisted by the defendant Cocke, that in the sale of this land to him, the complainants and their trustees were guilty of misrepresentation and fraud, as it regards a well upon said land—by which he sustained damage, which he claims should be abated from the purchase money due complainants. The Chancellor, here also, denied him relief. In this part of the decree we do not concur. It appears that this well constituted a part of the improvement made by the complainants during their ownership of this land, and that in the sale to Cocke, it was represented as furnishing a large supply of never failing water. This representation, we are satisfied, was untrue, and that complainants and their trustee at the time knew it to be so.

The supply of water in the winter and spring months

Towsend v. Cocke.

seems to be very abundant—but in the summer and
fall the well becomes dry and unfit for use. This was
so in the summer and fall of 1855 and 1856. It appears
that in that neighborhood, wells are difficult to be had
and when of the character this was represented to be, add
very greatly to the value of an estate. And there can
be no doubt that in the sale to Cocke, this well formed
a considerable element in the estimated value of the
land and that he was deceived and imposed upon in regard
thereto. We therefore think that whatever damage he
sustained, because of this misrepresentation, should be
abated from the sum demanded by complainants. The
damage is fixed by many witnesses in behalf of defen-
dant at $1000; but inasmuch as complainant's proof
seems not to have been directed to the *quantum* of
damages sustained by the defendant Cocke, we think
it proper that this matter should be referred for addi-
tional evidence.

The defendant Cocke claims a further abatement for
damages alleged to have been done by William S. Town-
send to the orchard, dwelling house, and clover lot.
But if the trust estate could be subjected to liability
for wrongs committed by the trustee—it is a sufficient
answer here to say—that the proof leaves it uncertian
whether the injury complained of, took place before or
after the purchase by Cocke.

We also think defendant in not entitled to any abate-
ment because William S. Townsend did not clear up
tthe seventy-five acres of land—upon which he reserved
che privilege of taking the timber for two years; be-
ause by the terms of his contract he was not bound
to do so: and we are not able to see that he failed

to leave rail timber sufficient to fence this piece of land.

The decree of the Chancellor will be reversed and modified as indicated in this opinion.

*Decree reversed.*