HERBERT L. FORDHAM, as Permanent Receiver, etc., Plaintiff, *v.* CHARLES LANE POOR et al., Defendants.

(Supreme Court, Kings Special Term, November, 1919.)

Receivers — permanent — actions — corporations — pleading — General Corporation Law, § 239(1) — Membership Corporations Law, § 11.

> The appointment of a permanent receiver of a dissolved membership corporation neither vests in him the personal right of its creditors to enforce the liability of directors under section 11 of of the Membership Corporations Law nor does it enable him to assert or enforce the rights of the corporation under section 239(1) of the General Corporation Law.
>
> An order of the Supreme Court empowering such a receiver to commence an action to enforce such rights is no foundation for a title to the cause of action.
>
> The complaint in an action brought by such a receiver against the creditors and former directors of the corporation considered, and a demurrer thereto sustained on the ground that plaintiff had not the legal capacity to sue.

DEMURRER to complaint.

Collin, Wells & Hughes, for plaintiff.

Everett, Clarke & Benedict, for defendants.

FABER, J.   The plaintiff, a permanent receiver of the Manhanset Country Club, a dissolved membership corporation, brings this action against the creditors and former directors of the club and asks judgment " that his accounts be taken and stated to the present time; that the creditors who are defendants, and other creditors, if any there be, who shall make themselves parties to this action, be required to prove their claims herein both as against the corporation and against the former directors who are defendants; that the respective rights and liabilities of all the parties herein be

ascertained and established; that the defendant directors be required to pay to the plaintiff such sums as may be determined to be due from them to enable the plaintiff to discharge all the expenses of the receivership and of this action and all debts which may be established, and for such other and further relief in the premises as shall be equitable, together with the costs of the action."

The defendant Hanna, a creditor, demurs to the complaint on three grounds: (1) That the plaintiff has not legal capacity to sue; (2) that causes of action have been improperly united; (3) that it does not state facts sufficient to constitute a cause of action.

By section 239, subdivision 1, of the General Corporation Law, a receiver, such as plaintiff, has power " To sue in their own name or otherwise, and recover all the property, debts and things in action, belonging or due or to become due to such corporation   *   *   * whether vested or contingent at the time of such dissolution, *in the same manner and with the like effect as such corporation might or could have done if no receivers had been appointed; "* and by subdivision 8 has the power " To settle all matters and accounts between such corporation and its debtors, or creditors, and to examine any person touching such matters and accounts, on oath, to be administered by either of them."

Section 11 of the Membership Corporations Law provides that: " The directors of every membership corporation,   *   *   *, shall be jointly and severally liable for any debt of the corporation contracted while they are directors, payable within one year or less from the date it was contracted, if an action for the collection thereof be brought against the corporation within one year after the debt becomes due, and an exe-

cution issued therein to the county where its office is, or where a certificate of its incorporation is filed, be returned wholly or partly unsatisfied, and if the action against the directors to recover the amount unsatisfied be commenced within one year after the return of such execution;   *   *   *.''

The receiver represents the creditors, in so far as they are interested in corporate property; he cannot represent them, and is not their trustee in any general sense, or in any sense which gives control of their general property. *Farnsworth* v. *Wood,* 91 N. Y. 308.

The liability of the directors is essentially the same in character as that of stockholders under various statutes regulating the incorporation of corporations, differing from the latter only in degree and the personal liability, in such a case, is enforceable in an action at law. *Marsh* v. *Kaye,* 168 N. Y. 196. The liability created by section 11, *supra,* is purely a statutory one. It is clear that no right of action is given to the corporation by the statute. Nor is the liability to general creditors, for the statute declares that such officers shall be jointly and severally liable for '' any debt of the corporation contracted while they are directors, payable within one year or less from the date it was contracted.'' This statutory liability is given directly, therefore, to a specific class of creditors. *Billings* v. *Trask,* 30 Hun, 314, 316. This was a right given to the creditors themselves as such of the corporation. That such was the intention of the statute is further manifested by section 11, *supra,* rendering the liability of the stockholders dependent upon the fact that a suit shall be first brought for the collection of the debt against the company within one year after it shall become due, and that an execution shall be returned unsatisfied upon the judgment recovered in

the action. And from the manner in which these rights have been created a receiver of the property and effects of the corporation can have no authority either to assert or enforce them. They, on the contrary, by express language, are secured to the creditors, who alone can enforce them by appropriate legal proceedings taken for that purpose. *Mason* v. *New York Silk Mfg. Co.,* 27 Hun, 307.

There can be no doubt that the appointment of the receiver did not vest in him a right which was personal to the creditors, or enable him to recover under circumstances in which the corporation could not have maintained an action. *Bostwick* v. *Young,* 118 App. Div. 490, 496; affd., 194 N. Y. 516.

Not only has the receiver no title to these causes of action which spring directly to creditors of the corporation, but there is no duty whatever upon his part, more than upon the part of any stranger, to protect the claims of creditors. *Kerr* v. *Blodgett,* 48 N. Y. 62; *Mickles* v. *Rochester City Bank,* 11 Paige, 118; *Attorney-General* v. *Guardian Mut. L. Ins. Co.,* 77 N. Y. 272; *Ludington* v. *Thompson,* 153 id. 499; *Hirshfeld* v. *Fitzgerald,* 157 id. 171.

The fact that plaintiff has been empowered by an order of the Supreme Court to commence this action is no foundation for a title to the cause of action. 1 Story Eq. Juris. § 64.

The second and third grounds of demurrer need not be considered.

Demurrer on the ground that plaintiff has not legal capacity to sue must be sustained, and judgment directed for defendant Hanna, with costs.

Ordered accordingly.