In the Matter of BALDWIN TRADING CORPORATION. SARAH J. GUENTHER et al., as Executors of HENRY C. GUENTHER, Deceased, et al., Appellants; LOUIS KOCH et al., Respondents.— In a proceeding pursuant to section 106 of the Stock Corporation Law to require surviving directors of a dissolved corporation to present and file an account, and for further relief, the appeal is from an order granting respondents' motion to dismiss the petitions. Order reversed, without costs, motion to dismiss petitions denied, and matter remitted to the Special Term for further proceedings not inconsistent with the views herein stated. The directors of a corporation become, upon dissolution of the corporation, trustees for the purpose of liquidating the affairs of the corporation, and the Statute of Limitations does not begin to run in their favor so as to bar a proceeding such as this unless and until the trust is terminated or unless and until the trust is repudiated or denied (see General Corporation Law, § 29; cf. *Lammer* v. *Stoddard,* 103 N. Y. 672; *Ludington* v. *Thompson,* 153 N. Y. 499; *Matter of Ton,* 150 Misc. 5). The 10-year limitation period is applicable (Civ. Prac. Act, § 53). We are also of opinion that appellants' right to an accounting pursuant to section 106 of the Stock Corporation Law should not be denied on the ground of laches, or that the court should not exercise its jurisdiction. Wenzel, Acting P. J., Ughetta and Klienfeld, JJ., concur; Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: These appellants, ostensibly seeking an accounting from directors of a corporation dissolved in 1939, actually want a determination holding directors personally liable for an alleged disproportionate distribution, culminating in 1946, of bank stock which constituted the sole asset of the corporation. This proceeding was commenced in 1955. There is no substance to appellants' claim that the bank stock was not finally distributed until 1954. The recording of a satisfaction piece made by the corporation of a certain mortgage in 1954 had nothing to do with the distribution of the bank stock. That mortgage had been assigned from the corporation to respondent Koch in 1945, prior to final disposition of the balance of a Reconstruction Finance Corporation loan in 1946. The 1954 satisfaction was a matter of form to accommodate the mortgagor. The provisions in section 106 of the Stock Corporation Law were intended to afford a prompt means of disposing of a dissolved corporation. A stockholder "in a proper case" may invoke the aid of the court as to an accounting of "directors" (Stock Corporation Law, § 106, subd. 6). The relief sought here belongs to the corporation (*Brock* v. *Poor,* 216 N. Y. 387). The fact that it is sought by way of accounting rather than by derivative action does not serve to revive liability brought to repose by passage of a governing limitation period (*Keys* v. *Leopold,* 241 N. Y. 189, 192, 193; *Guild* v. *Hopkins,* 271 App. Div. 234, 244). Relief is sought for waste and diversion. The six-year limitation is applicable (Civ. Prac. Act, § 48, subd. 8). The dissolution of the corporation did not work a change in the status of the directors so as to shift the governing limitation period to 10 years, as if the directors were trustees of an express trust (*Potter* v. *Walker,* 276 N. Y. 15, 26; *Dumbadze* v. *Lignante,* 244 N. Y. 1). Surviving dissolution are the rights and obligations of the corporation and the functions of its directors until liquidation (General Corporation Law, § 29; Tax Law, § 203-a). The stockholders of the corporation had created it so as to obtain a loan for a bank of which they were directors. Having obtained a loan from the Reconstruction Finance Cor-

poration, they were concerned thereafter with terminating the transaction, involving a pledge of the bank stock, to their best advantage. The dissolution of the corporation for unpaid taxes had nothing to do with redemption of the bank stock or with the relationship of the stockholders to each other. This is not "a proper case" for an accounting within the purview of section 106 of the Stock Corporation Law. [2 Misc 2d 698.]