Owen McGivern, J.
Defendant Jossel moves for summary judgment dismissing the third and fourth causes of action. The relationship between the plaintiff and the corporate defendant commenced in early 1949 when an instrument of guarantee was executed by the moving defendant and delivered to the plaintiff. That writing is dated May 25,1949. By the first cause of action against the corporate defendant, plaintiff seeks the recovery *124 of moneys dne with respect to sales in the period May 26, 1961 to August 28,1961, the balance due being $9,717.53.
It is alleged in the first cause of action that the corporate defendant is now bankrupt, having been so adjudicated on January 15, 1962. In paragraph 11 of the third cause asserted against the moving defendant and in paragraph 14 of the fourth cause, it is alleged that on May 25, 1949 Jossel, in consideration of the extension of credit to the corporate defendant “ unconditionally agreed to pay the full amount due and owing ’ \
Defendant’s motion is based upon the Statute of Frauds, it being contended that the writing is incomplete and not enforcible as a guarantee. Both parties speak of their intent with respect to the coverage of the writing and, of course, since guarantees must be strictly construed, what the parties intended must be drawn from the writing itself.
The defect relied on by defendant is the claimed failure to specify the measure or limit of defendant’s obligation under the guarantee. The agreement provided:
all amounts, including interest, up to $-that are now, or may at any time hereafter be, owing to you by said Customer if not paid at maturity by said Customer.
* * *
Such revocation shall not release the undersigned in respect of any debts or obligations of said Customer then existing, whether or not already matured, or subsequently created in respect of merchandise ordered but not delivered or manufactured, the undersigned continuing to be liable to you in the amount above stated in respect of debts and obligations of said Customer created by subsequent deliveries and/or for loss and damage which you may incur in ease of breach of contract by said Customer.
# # $
This agreement shall remain in force whether or not you give a larger credit than the amount of said agreement.
Plaintiff concedes that the form is its own, and that it was so printed so as to be adaptable to varying situations and circumstances. The defendant executed the document while it was in his possession, whereafter he forwarded it to the plaintiff. Plaintiff asserts that in executing the document the defendant had the choice to limit or not to limit his guarantee and since he failed to fill in the blank space he thereby intended to furnish an unlimited guarantee. If the court were to accept this contention, it would in effect be writing into the contract, a provision that the defendant unconditionally agreed to pay 11 the full amount due and owing ’ ’. This, the court may not do.
Plaintiff relies on N. E. D. Holding Co. v. McKinley (246 N. Y. 40) where a blank space was regarded as surplusage. *125 There, however, a hinder was involved in connection with the sale of property and the court found that because the binder spoke in terms of money it was reasonably assumed that the payment was to be in cash and a reference in blank to a purchase-money mortgage was deemed surplusage. Here, however, the various references to an amount left in blank rendered the agreement incomplete and indefinite. Effect must be given to each paragraph and provision of an instrument (Wolkind v. Berman, 232 App. Div. 47) and words used in a contract are not to be dismissed as meaningless unless they do not clearly serve in the expression of intention, as disclosed by the contract (Gail v. Gail, 127 App. Div. 892), even though their effect is to disclose infirmity. Motion granted.