DEERING MILLIKEN, INC., Appellant, *v.* GEORGETTE JUNIORS, INC., Defendant. JOE JOSSEL, Respondent.

First Department, December 18, 1962.

*Donald L. Kreindler* of counsel (*Edwin M. Otterbourg, Frederic P. Houston, Donald B. Relkin* and *Gerald A. McCarville* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for appellant.

*Avel B. Silverman* for respondent.

STEUER, J. Plaintiff sues the corporate defendant for goods sold and delivered and the individual defendant upon a guarantee to pay any indebtedness arising from the transaction between the parties. We are here concerned only with the action as against the individual.

The instrument of guarantee is a printed form admittedly signed by the individual defendant and delivered by him to plaintiff with a covering letter in which he describes the instrument as his " personal guarantee ". The document contained a provision that the guarantee was effective " up to $———— ", and was executed without filling in any figure in the blank space. The basis of decision below was that this failure voided the guarantee by virtue of the Statute of Frauds. The failure to insert an amount did not necessarily leave the agreement with any material term unprovided for (*N. E. D. Holding Co.* v. *McKinley,* 246 N. Y. 40). In interpreting commercial documents, the cardinal principle is to ascertain the intent of the parties and, in so doing, an overtechnical approach has long been recognized as not only self-defeating but also a source of jeopardy to credit transactions (see collation of authorities in *Herskovits Fur Co.* v. *Hollander,* 138 Misc. 456, affd. 232 App. Div. 802, affd. 257 N. Y. 606). As stated in *N. E. D. Holding* (*supra,* p. 44) : " The parties evidently thought they were bound. * * * We are not to strain for a construction that will defeat their expectation."

The court below granted summary judgment in favor of the individual defendant. All that we are called upon to determine is whether the instrument as a matter of law is unenforcible. We conclude that a tenable interpretation of the writing is to create a guarantee unlimited as to amount, so that, at least, an issue is presented as to the intent of the parties.

The order should be reversed on the law, with costs, and the motion for summary judgment denied.

BOTEIN, P. J., VALENTE, McNALLY and STEVENS, JJ., concur.

Order and judgment unanimously reversed, on the law, with costs to the appellant, and the motion for summary judgment denied.