■ SUCREST CORPORATION, Respondent, v. FISHER GOVERNOR COMPANY, INC., Appellant, et al., Defendants. (And Two Other Actions.) — Order, Supreme Court, New York County, entered on April 6, 1972, unanimously modified, on the law and the facts and the consent of the plaintiff-respondent, to the extent of directing John McGovern to submit to pretrial examination for the purpose of identifying the inspections referred to in the letter of August 3, 1966, and, as so modified, affirmed, without costs and without disbursements, without prejudice to the rights of defendant-appellant to apply for further disclosure at a later date and upon an appropriate presentation of additional matter elicited at the examination before trial. Concur — Markewich, J. P., Kupferman, McNally, Steuer and Eager, JJ.

■ EMILY PEARSON, Respondent, v. SAMUEL M. PEARSON, Appellant.— Order, Supreme Court, New York County, entered September 8, 1971, denying defendant's motion to strike plaintiff's jury demand and to place this cause on the Nonjury Calendar, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $40 costs and disbursements of this appeal. While equity does not have jurisdiction in all matters of partnership (*Burnstine* v. *Geist*, 257 App. Div. 792), it does in this case which is essentially one for an accounting. Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Eager, JJ.

■ LEONA FURMAN, Respondent, v. JOSHUA FURMAN, Appellant.— Judgment, Supreme Court, New York County, entered May 25, 1972, unanimously modified, on the law and the facts, to the extent of fixing the sum to be paid by defendant for the support and maintenance of the child of the marriage at $175 per month and reducing the counsel fee to $800, less the sum of $300 already paid, and, as so modified, affirmed, without costs and without disbursements. In the light of all the facts disclosed by the record, we are of the opinion that the amounts awarded for support and maintenance of the child and for counsel fees were excessive and should be reduced to the extent indicated. Concur — Markewich, J. P., Kupferman, McNally, Steuer and Eager, JJ.