OPINION OF THE COURT
Marquette L. Floyd, J.
This is a motion pursuant to CPLR 3211 (subd [a], pars 1, 7) and 3211 (subd [b]) to strike the affirmative defense and counterclaim, and for summary judgment under CPLR 3212 (subd [a]) or alternatively for partial summary judgment under CPLR 3212 (subd [e]).
Both parties are licensed insurance agents, who jointly shared an office and paid for the services of a secretary, and maintained a joint checking account to cover office expenses. However, they filed no partnership tax forms, nor did they register with any insurance company as partners or have any written partnership agreement.
The plaintiff describes their association as friendly and cooperative, characterized by the sharing or working relationships.
*893 The defendant characterizes the relationship as a partnership, claiming that the two held themselves out to the public as partners and that they shared income in the form of commissions. Plaintiff neither denies nor comments upon these allegations.
In April, 1976 the defendant asked to borrow, interest free, $2,500 from the plaintiff for personal reasons — to repay a loan to his parents. The plaintiff consented. Pursuant to their agreement the defendant used plaintiff’s funds from the joint account. In January, 1977 the defendant stated that he always considered his obligation to repay the balance (reduced to $2,000) as a personal obligation, and stated that he did not wish to have that debit balance reflected on the books of the joint account. On January 17, 1977 he executed a personal note to the plaintiff reflecting the debt, and the books were adjusted to reflect the transfer of this obligation.
The plaintiff now seeks recovery of this sum. The defendant contends that a partner cannot sue another partner on matters relating to partnership business and that the plaintiff’s exclusive remedy is an accounting at equity. The defendant also counterclaims to recover money he spent as a setoff in whole or in part against the plaintiff’s claim. Defendant claims plaintiff owes him approximately $100 per year for nine years, $600 or $700 for other cost commissions, and a share of library material and office supplies.
Summary judgment can be granted as to the issue of liability so long as there are no triable issues of fact. As to the issue of the plaintiff’s right to recover on defendant’s personal loan in a court of law, there are no triable issues of fact. The partnership issue, which hinges upon whether or not the parties shared profits, is not controlling here and cannot be determined in the counterclaim action absent competent proof of shared profits. Under sections 43 and 44 of the Partnership Law, the right to an accounting attaches only in special circumstances pertaining to settlement of partnership business, none of which apply here. In this case both parties acknowledge that the loan in question was strictly personal in nature.
The general rule is that where no accounting has been had between partners, one partner may not sue another at law for transactions relating to partnership property. (Perlman v Perlman, 235 App Div 313; Sivin v Jones, 236 App Div 483.) However, equity does not have jurisdiction in all matters of *894 partnership, and a partner may sue another partner at law upon claims growing out of transactions not connected with the partnership. (Burnstine v Geist, 257 App Div 792; Pearson v Pearson, 40 AD2d 666; Duncan v Bruce, 179 Misc 992.)
Although no New York cases could be found directly on this issue, several other jurisdictions have followed the rule that where one partner gives another his promissory note, an action at law will lie on that note since it constitutes an acknowledgment of a separate debt. (See note, 168 ALR 1088, 1103.) In Mack v White (35 Del 289) a note given by a partner to his copartner was held enforceable in an action at law without prior partnership accounting since the note evidenced an intent of the parties to segregate the debt from partnership affairs. The case of Linch v Linch (145 Neb 792) states the same as an exception to the general rule that a partner may not maintain an action at law against his copartner. The reasoning in these cases is persuasive and pertinent in the present case.
Here, both parties acknowledge that the debt was purely personal and not a true aspect of the partnership business. It is therefore maintainable in this court and an accounting in Supreme Court is not a prerequisite. Therefore, the affirmative defense stating that equity court is the exclusive forum is stricken and the motion to dismiss the complaint is denied.
The plaintiff’s motion for summary judgment is denied because the documentary evidence submitted is contradictory. The complaint seeks $1,500 and the plaintiff’s affidavit states that $2,000 is owing. This discrepancy creates a triable issue of fact.