**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Penn Square Bank, N.A., Appellee,**

v.

**B.A.S., INC., d/b/a Shades & Associates, and Beverly A. Shades, Appellants.**

**No. 65144.**

Court of Appeals of Oklahoma, Division No. 1.

March 10, 1987.

W. Rogers Abbott, II, Oklahoma City, for appellants.

Michael A. Tisci, Oklahoma City, for appellee.

GARRETT, Judge:

B.A.S., Inc., d/b/a Shades & Associates (Debtor) borrowed $30,000 from Penn Square Bank, N.A. (Bank) and executed a promissory note for the same. At the time the loan was made, Appellant, Beverly A. Shades (Shades) signed a guaranty agreement which, in effect, guaranteed she would pay the note in the event of default.

The guaranty agreement was on a printed form which contained the name of the Bank and contained blanks for the date, the Debtor, and places for guarantors to sign. The printed guaranty form also contained a blank for the purpose of inserting a liability limit for the guarantor. That portion of the guaranty agreement is as follows: "It is understood that the amount of credit extended by or liability incurred to you is limited to: _____." On the guaranty agreement, as signed, the following was typed in the blank space: "- - - - -THIRTY–THOUSAND–DOLLARS and no/100- - -". The Debtor paid $3,000 but defaulted at a time when there was $27,000 principal due on the note.

Appellee, Federal Deposit Insurance Corporation, (FDIC), as receiver of Bank sued

Debtor and Shades. The petition alleged the default and alleged the amount of principal and interest which was unpaid. The total exceeded the sum of $30,000. As to Shades, the petition alleged as follows:

An *in personam* judgment against the Defendant, Beverly A. Shades, in the principal amount of $27,000 with accrued interest in the amount of $3,000, *which total sum represents the limit of liability under the terms of the Guaranty.* (Emphasis supplied.)

The petition filed by FDIC was never amended as far as the allegations against Shades are concerned. The pre-trial order, under the heading "Plaintiff's contention" recites: Plaintiff alleges Defendant B.A.S., Inc., owes $27,000 principal plus interest. It also recites: Plaintiff alleges Defendant, Beverly Shades, owes the same amounts on a personal guaranty. The pretrial order, under the heading "damages or relief sought" on a line numbered one (1) recited judgment against Defendant, B.A.S., Inc. and then on a line numbered two (2) judgment against Defendant, Beverly Shades. Just opposite that on the same lines was written: $27,000 principal plus interest, fees & costs. Thus, it is apparent that the pre-trial order did not "clearly" change the allegation being considered. "Plus interest" may be construed to mean enough interest to make the total equal $30,000, as far as Shades is concerned.

The record indicates that this matter came on for hearing, or for trial, and the attorney for Shades orally agreed to a judgment against Shades in accordance with the allegations of the FDIC petition with a limit of $30,000. FDIC contended for the full amount of principal and interest which would be an amount considerably in excess of $30,000, plus costs and attorney fees.

Arguments were conducted and the court entered judgment, as applicable here, for FDIC against Shades for $27,000 principal plus interest in the sum of $16,625.29 plus a per diem rate of $12.58 from the date of judgment until paid, plus attorney fees in the amount of $750 and court costs in the amount of $120.

This appeal followed. Shades contends that the limit of her liability is $30,000 and the trial court committed "plain error" in rendering judgment. The relief sought by Shades is a modification of the trial court judgment to a maximum of $30,000 which she contends will be in accordance with the plain language of the agreement and the relief requested by the FDIC.

FDIC first contends that the decision of the trial court is presumed to be correct and that Shades has not sustained the burden of showing that error was committed by the trial court. FDIC next contends that Shades cites no authority and therefore Shades' assignments of error cannot be considered on appeal. Finally, FDIC contends that Shades, as guarantor, is liable for accrued interest on the principal obligation even if the result is to exceed the limit of the guaranty.

■ In examining Shades' brief, we find that FDIC is correct that neither statutory nor court decision authority is cited. However, we decline to hold that Shades cites no authority for her position. Her clearly stated contention is that the guaranty agreement is so plain on its face that it shows that the trial court committed "plain error" in failing to follow the plain and unambiguous language of the contract in entering judgment. In determining liability on a contract, the language of the contract itself is certainly the basic authority. "Authority" is not always limited to statutes or court decisions.

In examining the guaranty agreement, which was on a printed form and furnished by Bank, we note that the word "interest" does not appear in the instrument. There is a specific limitation of the guarantor's (Shades) liability to the sum of $30,000. If accruing interest, above $30,000, was to be a part of the guaranty agreement, it would have been a very simple matter to have inserted the words "plus interest" or some similar language, but it was not done.

■ Oklahoma law is very clear that a printed contract will be construed most strongly against the party who prepared the document and that an uncertainty or

ambiguity in a contract will be construed against the party that caused the uncertainty or the ambiguity. 15 O.S. 1981 § 170; *AMOCO Production Company v. Lindley*, 609 P.2d 733 (Okl.1980). If the guaranty agreement is "uncertain" or "ambiguous", it will be construed against Bank and its successor, FDIC.

The guaranty agreement, in another paragraph, did mention attorney fees and expenses of collection in the event of a default, but the other paragraph does not include the word "interest".

█ FDIC contends that the pre-trial order supercedes the pleadings and we must agree that this is so. However, as above pointed out, the FDIC's petition sought judgment against Shades for a total of $30,000 and stated that was her limit of liability and also asked for judgment for attorney fees and court costs, and the pre-trial order did not clearly change the allegations. Statutes and laws outside of this guaranty agreement provide for attorney fees, court costs, and post-judgment interest in the event it becomes necessary, as here, to sue on the guaranty agreement.

█ FDIC contends that a guarantor is liable for accrued interest on the principle obligation even if this brings the guarantor's total liability above the limit fixed in the contract of guaranty. FDIC cites 38 C.J.S. Guaranty, § 57. That citation does recite the rule as stated, but points out there is authority to the contrary. FDIC cites *Moody v. Kirkpatrick*, 234 F.Supp. 537 (Tenn.1964); and, *Johnson v. Charles D. Norton, Co.*, 159 F. 361, a Sixth Circuit Court of Appeals decision; and, *Walton v. Washington County Hospital Ass'n.*, 178 Md. 446, 13 A.2d 627, by the Maryland Court of Appeals. This question seems not to have been decided by the Supreme Court of Oklahoma.

We hold that a guarantor is liable, under general principles of contract law, for interest on the principal. However, if the amount of interest added to the unpaid principal results in an amount in excess of an expressed and absolute limitation of the guarantor's liability, then interest on the principal obligation above the limit is not included. However, the limit of liability on the guaranty, as so expressed, does not prevent the operation of other laws as to attorney fees, court costs, and post-judgment interest, in the event the lender is required to sue the guarantor on the guaranty agreement.

It follows and it is ordered that the judgment of the trial court must be modified to the sum of $27,000 principal plus $3,000 pre-judgment interest, plus reasonable attorney fees, court costs, and post-judgment interest. This case is remanded to the trial court with directions to enter judgment accordingly. The post-judgment interest should begin on the date the original judgment was entered.

REVERSED AND REMANDED WITH DIRECTIONS.

ROBINSON, P.J. and REYNOLDS, J. concur.