In re Sanford BERMAN, Debtor.

G & G CARDS & GIFTS INC. Brian Green and Jeffrey Green, Plaintiffs,

v.

Sanford BERMAN, Defendants.

Bankruptcy No. 187–70602–352.

Adv. No. 187–0120.

United States Bankruptcy Court, E.D. New York.

Jan. 7, 1988.

See also, Bkrtcy., 100 B.R. 640.

R. Randy Lee, Staten Island, N.Y. for plaintiffs.

Neil R. Flaum, Great Neck, N.Y., for debtor.

OPINION

MARVIN A. HOLLAND, Bankruptcy Judge:

The complaint herein alleges that the defendants are creditors of the above-named

debtor and the holders of a secured claim totalling $394,776.00.

Paragraph 3 of the complaint states "that this is an action 11 U.S.C. Section 523(c) for determination excepting Plaintiffs' debt from discharge...." The complaint however alleges acts which if established would warrant a denial of discharge and the "Wherefore clause" asks "that the Debtor be denied a discharge for the several reasons alleged in the above and foregoing petition and that the claim of the Plaintiffs be declared to be a non-dischargeable debt by this honorable court, and that a day and date be set for hearing on this objection to discharge, and for the cost of this proceeding." In papers devoid of the proposed amended pleading, the plaintiffs now move for leave to amend their complaint "... to reflect a cause of action under 11 U.S.C. § 727...."

In response to the Defendant's objections, the Plaintiffs point out, in a most conclusory fashion, that grounds for objection to discharge have been alleged in the complaint. Additionally, they assert that the prayer for relief put the Defendant on notice of the relief which was sought and that Civil Rule 15, applicable to adversary proceedings in bankruptcy pursuant to Bankruptcy Rule 7015, requires the court to freely grant amendments. The court would be inclined to do so were it not for the question of standing, an issue not raised by either of the parties.

11 U.S.C. § 727(c)(1) states:

"The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section."

"Creditor" is a defined term. 11 U.S.C. § 101(9) defines "Creditor" as an entity that has a claim against the debtor that arose at the time of or before the order of relief; and 11 U.S.C. § 101(4) defines "claim" as, *inter alia,* a right to payment, secured or unsecured.

Upon a literal reading of the statute, Plaintiffs would therefore appear to fall within the class authorized by Section 727(c)(1) to object to the Debtor's discharge. We cannot read this Section literally in this situation, however, for to do so would be to render it unconstitutional. As the United States Supreme Court has said in *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc., et al.,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982):

Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." The constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity "to adjudge the legal rights of litigants in actual controversies." *Liverpool S.S. Co. v. Commissioners of Emigration,* 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899 (1885). The requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights, and has couched that request for forms of relief historically associated with courts of law in terms that have a familiar ring to those trained in the legal process. The judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts. The power to declare the rights of individuals and to measure the authority of governments, this Court said 90 years ago, "is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy." *Chicago & Grand Trunk R. Co. v. Wellman,* 143 U.S. 339, 345, 12 S.Ct. 400, 402, 36 L.Ed. 176 (1892). Otherwise, the power "is not judicial ... in the sense in which judicial power is granted by the Constitution to the courts of the United States." *United States v. Ferreira,* 13 How. 40, 48, 14 L.Ed. 40 (1852).

As an incident to the elaboration of this bedrock requirement, this Court has always required that a litigant have "standing" to challenge the action sought to be adjudicated in the lawsuit. The term "standing" subsumes a blend of constitutional requirements and pru-

dential considerations, see *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed. 343 (1975), and it has not always been clear in the opinions of this Court whether particular features of the "standing" requirement have been required by Art. III *ex proprio vigore,* or whether they are requirements that the Court itself has erected and which were not compelled by the language of the Constitution. See *Flast v. Cohen, supra,* [392 U.S. 83] at 97, 88 S.Ct. [1942] at 1951 [20 L.Ed.2d 947 (1968)].

A recent line of decisions, however, has resolved that ambiguity, at least to the following extent: at an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450 (1976). In this manner does Art. III limit the federal judicial power "to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process." *Flast v. Cohen,* 392 U.S., at 97, 88 S.Ct., at 1951.

Since the Plaintiffs have designated themselves in the complaint as secured creditors it does not appear that their security will be effected by either the granting or denial of a discharge. The Plaintiffs therefore lack the constitutional pre-requisite to bring on this adversary proceeding.

Accordingly, the motion to amend is denied, with leave, however, to renew within 30 days from the date of this decision upon papers containing at a minimum the proposed complaint which the Plaintiffs seek leave to serve and file, such complaint alleging the existence of an unsecured claim, if one exists, or some other right which would be substantially affected by the Debtor's discharge. Absent such an amendment, the parties shall show cause before the undersigned in Courtroom 3 (Rm. 214), 75 Clinton Street, Brooklyn, New York on the 10th day of February 1988 at 9:30 A.M., why the complaint should not be dismissed for the reason that as fully secured creditors Plaintiffs lack standing to object to the Debtor's discharge.