In re Joey D. RICH, Debtor.

STATE BANK OF GRAYMONT, a corporation, Plaintiff,

v.

Joey D. RICH, Defendant.

Bankruptcy No. 96–70222.
Adversary No. 96–7086.

United States Bankruptcy Court,
C.D. Illinois.

Oct. 30, 1996.

Alan M. Schrock, Pontiac, IL, for State Bank.

Andrew W. Covey, Peoria, IL, for Joey Rich.

### OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter is presently before the Court on Debtor's Motion to Dismiss Plaintiff's two-count adversary Complaint filed herein on May 20, 1996. A hearing was held on August 16, 1996, at which time portions of the Motion to Dismiss relating to compliance with pleading requirements set forth in the Federal Rules of Bankruptcy Procedure were ruled upon. Two issues were taken under advisement, namely, (1) whether Plaintiff, as a fully-secured creditor, has standing to file a complaint against Debtor under Section 727 of the Bankruptcy Code, and (2)

whether, as a matter of law, a Loan Guaranty Agreement executed by Debtor providing that Debtor will guarantee the indebtedness of a third party "to the extent of _____ Dollars ..." is enforceable against Debtor.

■ Count II of Plaintiff's Complaint seeks to deny Debtor a discharge pursuant to 11 U.S.C. §§ 727(a)(2) and 727(a)(4). 11 U.S.C. § 727(c)(1) provides that "(t)he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 101(10)(A) defines the term "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor(.)" Plaintiff is a creditor of Debtor under this definition; as such, the plain language of the Bankruptcy Code provides that Plaintiff may object to the granting of Debtor's discharge under 11 U.S.C. § 727.

■ While acknowledging that there is at least one bankruptcy court which takes the position that fully-secured creditors who are financially unaffected by the granting or denial of a debtor's discharge lack standing to object to the granting of the discharge [*see In re Berman,* 100 B.R. 658 (Bankr. E.D.N.Y.1988)], the better position, in this Court's view, is that the plain language of the Bankruptcy Code does not create a constitutional problem and, accordingly, cannot be ignored. The remedy provided for in 11 U.S.C. § 727, i.e. the denial of a debtor's discharge, is designed to promote the integrity of the bankruptcy process and is ultimately punitive in nature. *In re Drenckhahn,* 77 B.R. 697 (Bankr.D.Minn.1987). Its primary purpose is to punish the Debtor, even though its consequence may, in some cases, provide relief to a creditor whose claim would otherwise be subject to being discharged. However, requiring the Court to make a determination of whether a party bringing such an action derives any benefit from prevailing really circumvents the purpose of the statute, which is to punish a debtor who behaves obstructively or fraudulently and whose conduct is identified by another player in the bankruptcy process, e.g. the trustee, the United States trustee, or a creditor. As there is no question that

Plaintiff is a creditor of Debtor, and as no higher court has found 11 U.S.C. § 727 to be unconstitutional, the Court finds that Plaintiff has standing to object to the granting of Debtor's discharge in this case. Accordingly, Debtor's Motion to Dismiss as it relates to the standing issue is denied.

■ With respect to the guaranty, Debtor argues that the Loan Guaranty Agreement containing the blank space referenced above cannot support a claim against the Debtor because the amount of the debt allegedly guaranteed is left blank. A review of state and federal cases on this point indicates that there is a conflict in authority. Some courts have held that the failure to place a dollar figure in a guaranty agreement results in the guarantor having unlimited liability. *McCaleb v. National Bank of Commerce,* 25 Ark. App. 53, 752 S.W.2d 54 (1988). *See also North Carolina National Bank v. Corbett,* 271 N.C. 444, 156 S.E.2d 835 (1967); *Cessna Finance Corp. v. Meyer,* 575 P.2d 1048 (Utah 1978). Other courts faced with the same issue have held that such a blank in a guaranty agreement renders the agreement incomplete and indefinite and thus unenforceable. *Deering Milliken, Inc. v. Georgette Juniors, Inc.,* 36 Misc.2d 123, 231 N.Y.S.2d 616 (N.Y.Sup.Ct.1962), *rev'd* 17 A.D.2d 405, 235 N.Y.S.2d 72 (N.Y.A.D.1962) (failure to insert an amount did not necessarily leave the agreement incomplete).

■ The meaning of a guaranty agreement is a matter of law to be determined by the court. *Cohen v. Continental Illinois national Bank & Trust Co. of Chicago,* 248 Ill.App.3d 188, 188 Ill.Dec. 490, 618 N.E.2d 1060 (1st Dist.1993) *citing Exchange National Bank of Chicago v. Bergman,* 153 Ill. App.3d 470, 106 Ill.Dec. 445, 505 N.E.2d 1236 (1st Dist.1987). Where the language of a guaranty agreement is clear and unambiguous, extrinsic facts are not to be considered. *Dee v. Bank of Oakbrook Terrace,* 84 Ill. App.3d 1022, 40 Ill.Dec. 494, 406 N.E.2d 195 (1st Dist.1980). However, where a guaranty agreement is ambiguous or where there is a question of the parties' intention, subsequent acts of the parties may be offered as evidence of their intentions. *Id.* In addition,

even when the text of an agreement is unambiguous, parol evidence is admissible to establish fraud or mistake. *Bank of Naperville v. Holz,* 86 Ill.App.3d 533, 41 Ill.Dec. 604, 407 N.E.2d 1102 (2d Dist.1980).

▮ In this case, the intent of the parties is unclear. On one hand, it is completely illogical that a lender would intend to obtain a loan guaranty up to the amount of –0–; such a guaranty is worthless and pointless. Moreover, the agreement purports to extend the guarantee to "any and all indebtedness", which is inconsistent with Debtor's interpretation of the guaranty as being limited to the amount set forth in the blank space or, in this case, –0– because no amount is set forth therein. The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention, if it can be done consistently with legal principles. *McCaleb, supra.* The parties should always be bound for what they intended to be bound for, no more, no less. *Id.*

On the other hand, courts have almost unanimously held that any ambiguity in a guaranty agreement should be construed in favor of the guarantor. *Dee, supra; Cohen, supra; Farmers State Bank v. Doering,* 80 Ill.App.3d 959, 36 Ill.Dec. 285, 400 N.E.2d 705 (4th Dist.1980); *Thompson v. Preston State Bank,* 575 S.W.2d 312 (Tex.Civ.App. 1978); *Federal Deposit Insurance Corp. v. B.A.S., Inc.,* 735 P.2d 358 (Okla.Ct.App.1987). Following this logic, the Court should bend over backwards to find that the agreement in this case constitutes a guaranty of –0–, even though that was clearly not the intent of Plaintiff and, most likely, was not even the intent of Debtor.

Based upon these countervailing considerations, the Court believes that extrinsic evidence of, *inter alia,* the circumstances surrounding the negotiation and execution of the guaranty agreement, should be considered in determining the effect of the guaranty agreement as executed. For these reasons, Debtor's Motion to Dismiss as it relates to the guaranty issue is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### *ORDER*

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that Debtor's Motion to Dismiss be and is hereby denied as to the issue of Plaintiff's standing to bring an action under 11 U.S.C. § 727 and as to the issue of the enforceability of the guaranty agreement executed by Debtor.

IT IS FURTHER ORDERED THAT Debtor's Motion to Dismiss be and is hereby granted as to the issue of conformity with certain provisional requirements set forth in the Federal Rules of Bankruptcy Procedure.

IT IS FURTHER ORDERED THAT Plaintiff be and is hereby given 21 days to amend its Complaint to conform to the requirements set forth in the Federal Rules of Bankruptcy Procedure.