■ COMERICA BANK, N.A., et al., Respondents, v ELENA D. BENEDICT, Appellant, et al., Defendants. [777 NYS2d 312]—

In an action, inter alia, to foreclose a mortgage, the defendant Elena Duke Benedict appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered October 7, 2003, which granted the plaintiffs' motion for summary judgment on their cause of action to foreclose the mortgage and to dismiss her affirmative defenses and counterclaims and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

On December 15, 1992, the appellant executed four promissory notes payable on demand secured by a mortgage on her home. Payments on the notes allegedly were not made, although certain interest payments may have been made. On August 16, 1996, the appellant signed a mortgage to secure the notes. The mortgage instrument stated that it was made as of December 15, 1992. The plaintiffs commenced the instant action in 2001 to foreclose the mortgage.

The plaintiffs failed to establish their entitlement to judgment as a matter of law on their cause of action to foreclose the mortgage and to dismiss the appellant's affirmative defenses and counterclaims. Accordingly, their motion should have been denied.

With respect to the affirmative defense of the statute of limitations, we note that the instant action was commenced in 2001 to foreclose a mortgage made as of December 15, 1992. Since the underlying notes were payable on demand, the statute of limitations started to run on December 15, 1992, when the notes were made (see Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 143 [1993]; Shelley v Dixon Equities, 300 AD2d 566 [2002]). The plaintiffs claimed that the six-year statute of limitations (see CPLR 213) was tolled, inter alia, by the appellant's

execution of the mortgage instrument on August 16, 1996. The Supreme Court granted summary judgment to the plaintiffs on their cause of action to foreclose the mortgage based upon its finding that the appellant's execution of the mortgage instrument on August 16, 1996, constituted a promise to pay the mortgage debt which extended the limitations period pursuant to General Obligations Law § 17-105 (1). We disagree.

The mortgage instrument signed by the appellant in 1996 was drafted by an attorney acting on behalf of the mortgagees. The mortgage instrument was backdated to December 15, 1992, and specifically states that it "is made as of" December 15, 1992. It cannot be said that this instrument constituted an acknowledgment that the mortgage debt was still due and owing in 1996. The use of the language "is made as of" December 15, 1992, demonstrated that the instrument merely acknowledged that a debt was owing on December 15, 1992. Further, it is undisputed that the appellant never executed new promissory notes promising to satisfy the mortgage debt.

However, there are issues of fact which preclude the grant of summary judgment to the appellant, including an issue of whether partial payment of the mortgage debt tolled the statute of limitations. Altman, J.P., Goldstein, Adams and Cozier, JJ., concur.