■ JAMES COGNETTA et al., Respondents, v VALENCIA DEVELOPERS, INC., et al., Appellants. [778 NYS2d 80]—

In an action, inter alia, for repayment of loans and an accounting, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated January 30, 2003, as denied, in part, their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), (5), and (7).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In June 1998 several entities and individuals, including the

plaintiff Dana Motors, Ltd. (hereinafter Dana), and the defendants Valencia Developers, Inc. (hereinafter VDI), and Valencia Developers Associates, LP (hereinafter Associates), entered into a stipulation of settlement of a proceeding in the Surrogate's Court, Richmond County. The stipulation of settlement provided that Dana, VDI, Associates, and others would repurchase, among other things, the seller's interest in Dana, VDI, and Associates. The complaint alleges, inter alia, that because Dana paid a disproportionately greater share of the repurchase price, the excess money it paid, in effect, became a loan from Dana to several of the defendants. This alleged loan did not provide for a repayment schedule, and thus was payable on demand (see UCC 3-108; *Mundaca Inv. Corp. v Rivizzigno,* 247 AD2d 904, 905 [1998]; *National Westminster Bank USA v Vannier Group,* 160 AD2d 348, 350 [1990]). The six-year statute of limitations on Dana's cause of action for repayment thus began to run on the date the obligation was created (see CPLR 213 [2]; *Comerica Bank, N.A. v Benedict,* 8 AD3d 221 [2004]; *Phoenix Acquisition Corp. v Campcore, Inc.,* 81 NY2d 138, 143 [1993]; *Shelley v Dixon Equities,* 300 AD2d 566 [2002]). Therefore, Dana's cause of action for repayment of that purported loan was timely interposed within the limitations period. Moreover, because Dana's cause of action for repayment constituted an action at law, the equitable defense of laches was unavailable to the defendants with respect to this cause of action (see *Matter of County of Rockland v Homicki,* 227 AD2d 477, 478 [1996]; *Propoco, Inc. v Birnbaum,* 157 AD2d 774, 776 [1990]).

Additionally, the obligation to repay the purported loan was not subject to the statute of frauds, which requires an obligation that cannot be performed within one year to be in writing and subscribed by the party to be charged (see General Obligations Law § 5-701 [a] [1]; *D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454 [1984]; *Kestenbaum v Suroff,* 268 AD2d 560 [2000]; *Nakamura v Fujii,* 253 AD2d 387, 389 [1998]). Contrary to the defendants' contentions, the allegations in the complaint as to the terms of the agreement creating the obligation were not impermissibly vague (see *O'Brien v West,* 199 AD2d 369, 371 [1993]; *Marder's Nurseries v Hopping,* 171 AD2d 63 [1991]; *Deering Milliken, Inc. v Georgette Jrs.,* 17 AD2d 405 [1962]).

Nor did the defendants establish entitlement to dismissal of the cause of action for repayment of the purported loan made in 1993 by Dana to VDI and Associates as barred by the six-year statute of limitations. "Whether a purported acknowledgment is sufficient to restart the running of a period of limitations

depends on the circumstances of the individual case (*see In re Meyrowitz,* 114 NYS2d 541, *affd* 284 App Div 801, *lv denied* 284 App Div 844)" (*Estate of Vengroski v Garden Inn,* 114 AD2d 927, 928 [1985]). At this juncture, it cannot be determined whether the entries in the tax returns and financial statements of Associates describing the loan constituted an acknowledgment of the debt sufficient to revive or toll the statute of limitations, or evince an intent on the part of Associates to pay it (*see Knoll v Datek Sec. Corp.,* 2 AD3d 594 [2003]).

The Supreme Court properly denied the defendants' motion to dismiss the cause of action of the plaintiff Benjamin Cognetta seeking a partnership accounting of Associates from the defendants Santina Martella, Vincent J. Sorena, Michael A. Barone, Arthur W. Decker, and John S. DiLeo (hereinafter the individual defendants), his copartners in Associates (*see* Partnership Law § 44 [1], [4]; *Cotroneo v Laboranti,* 274 AD2d 541 [2000]; *Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.], Inc.,* 143 AD2d 726 [1988]; *Pearson v Pearson,* 40 AD2d 666 [1972]). Contrary to the defendants' contention, an indemnification clause in an agreement pertaining to the sale of Dana stock, holding the individual defendants harmless against any loss in their capacity as sellers of Dana stock, did not defeat Cognetta's right to an accounting of Associates (*see generally Weissman v Sinorm Deli,* 88 NY2d 437 [1996]). Nor did the defendants establish that the claim for an accounting was barred by laches (*see Barash v Estate of Sperlin,* 271 AD2d 558 [2000]; *Matter of Baldwin Trading Corp.,* 8 AD2d 968 [1959], *affd* 8 NY2d 144 [1960]).

In light of the foregoing, we do not reach the parties' remaining contentions. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.