■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant. [890 NYS2d 10]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered September 10, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of six years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the prison term to 3½ years, and otherwise affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). An undercover officer preparing to make a purchase observed a chain of interactions between defendant and an apprehended buyer. This pattern, viewed as a whole, had no reasonable interpretation except that the buyer paid in advance for drugs that defendant obtained from a nearby building. The officer saw defendant hand the buyer an object, and the evidence warrants the conclusion that this object was the package of cocaine that the police recovered from the buyer (*see e.g. People v Bolden*, 6 AD3d 315 [2004], *lv denied* 3 NY3d 637 [2004]). Although the amount of drugs recovered from the buyer was small, the record fails to support defendant's assertion that it was only a "residue" that was too small to be marketable.

Although defendant opposed the People's generalized pretrial offer of expert testimony on the practices of drug sellers, his objections were insufficiently specific to obviate the need for further objection when the actual testimony was received, or to preserve the particular claims defendant raises on appeal. Likewise, although the court made a broad prospective ruling allowing such testimony, it never "expressly decided the question[s] raised on appeal" (CPL 470.05 [2]). Then, during the trial, defendant made no objection or request for an instruction,

except that when the prosecutor elicited expert testimony from more than one officer, defendant objected to this as cumulative. The court gave defendant a favorable ruling that the second witness's testimony could not duplicate that of the first, and defendant never alerted the court to his present claim that the witness's actual testimony violated that ruling. Accordingly, defendant's present claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Evidence warranting the inference that defendant did not act alone supplied a factual predicate for testimony about drug-selling teams (*see e.g. People v Flye*, 4 AD3d 251 [2004], *lv denied* 3 NY3d 658 [2004]), the expert testimony was not unduly prejudicial, the second witness's testimony was not cumulative, and the court's instructions were appropriate.

We find the sentence excessive to the extent indicated. Concur—Gonzalez, P.J., Andrias, Saxe, Renwick and Manzanet-Daniels, JJ.