■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO COLON, Appellant. [12 NYS3d 93]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 15, 2012, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and petit larceny, and sentencing him, as a second felony drug offender, to an aggregate term of four years, unanimously affirmed.

The court properly denied defendant's suppression motion. The visual body cavity search in which police recovered 16 glassines of heroin was justified by a "specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity" (*People v Hall*, 10 NY3d 303, 311 [2008], *cert denied* 555 US 938 [2008]). Defendant's overall pattern of behavior, which went far beyond mere fidgeting, strongly indicated that he had an object hidden in his buttocks, that he was trying to dispose of it before the police could find it, and that the object was some kind of contraband or evidence of a crime.

Defendant's argument that a police officer, qualified as an expert in street-level narcotics sales, improperly testified that he believed defendant was a drug dealer is unpreserved because no contemporaneous objection was made to the challenged testimony. During a colloquy earlier in the trial, the court agreed with defense counsel that the expert should not be permitted to state a conclusion that defendant was a drug dealer or was selling the drugs at issue. However, defendant did not alert the court to his present contention that the expert's actual testimony violated the court's favorable ruling (*see e.g. People v Sanchez*, 67 AD3d 491, 492 [1st Dept 2009]; *see also People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Finally, any error was harmless in light of the strong evidence that defendant possessed the 16 glassines with intent to sell (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels and Gische, JJ.