■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. [62 NYS3d 103]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J. at suppression hearing, plea, and resentencing; Nicholas Iacovetta, J. at initial sentencing), rendered August 28, 2014, as amended December 22, 2014, convicting defendant of promoting prison contraband in the first degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The court properly denied defendant's motion to suppress

contraband recovered in a strip search and visual body cavity inspection conducted while defendant was a pretrial detainee at Rikers Island. The search was conducted pursuant to a policy under which correction officers would enter a particular housing area unannounced, search any inmates who were seen to behave in a furtive or suspicious manner, and, if no inmate behaved in a manner that aroused suspicion, search several "randomly selected" inmates. The officers searched defendant because he fidgeted nervously when the officers entered the dormitory, and then made "a sudden movement," moving his hand behind his body toward the back of his pants. An officer testified that in his experience, such behavior by an inmate upon the arrival of correction officers almost always signified an effort to hide contraband.

Defendant argues that, in order to conduct such an intrusive search of a pretrial detainee, officers are required to have individualized reasonable suspicion that the inmate is concealing contraband underneath the inmate's clothing or in his or her body. However, under the federal constitutional standard, policies allowing strip searches and visual body cavity inspections without individualized suspicion are permissible where they strike a reasonable balance between the legitimate security interests of the institution and the privacy interests of the inmates (*see Florence v Board of Chosen Freeholders of County of Burlington*, 566 US 318 [2012]; *Bell v Wolfish*, 441 US 520 [1979]), and we conclude that, regardless of whether the officers had reasonable suspicion, that standard was satisfied here.

Relying chiefly on *People v Hall* (10 NY3d 303 [2008], *cert denied* 555 US 938 [2008]), defendant argues that, with respect to pretrial detainees (as opposed to sentenced inmates), reasonable suspicion is required as a matter of New York State constitutional law. Since defendant did not explicitly rely on independent state constitutional law grounds before the suppression court, his present argument is unpreserved (*see People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]; *People v Hamlin*, 71 NY2d 750, 762 [1988]) and we decline to review it in the interest of justice.

As an alternative holding, we reject it on the merits. Defendant contends that the reasoning of *Hall*, which held that an arrestee at a precinct may not be subjected to such intrusions in the absence of reasonable suspicion regarding the location of hidden contraband, is broad enough to compel the conclusion that this requirement also applies to a pretrial detainee in a high-population detention facility. However, we find that nothing in *Hall*, which dealt with stationhouse searches of ar-

restees, supports a departure from federal precedent in the very different factual scenario presented by the search of pretrial detainees in a correctional facility—a distinction that *Hall* itself noted (10 NY3d at 308).

In any event, even if the reasonable suspicion standard were applied here, it was satisfied by defendant's conduct (*see People v Colon*, 130 AD3d 434 [1st Dept 2015], *lv denied* 26 NY3d 1007 [2015]), particularly in light of the officers' expertise (*see generally People v Valentine*, 17 NY2d 128, 132 [1966]).

Defendant also argues that the search was arbitrary insofar as the search policy permitted officers to use their unguided discretion in selecting inmates to search when no inmates acted in a manner that aroused suspicion. We need not reach that issue, because it is clear that defendant was not searched under the portion of the policy allowing random searches, but under the provision involving suspicious behavior. Regardless of the merits of the challenged policy as it might be applied in other situations, this defendant was not selected at random, and the decision to search him was not arbitrary.

Finally, defendant's contention that the officers used unreasonable force in conducting the search is not supported by the record. The hearing evidence establishes that the officers used reasonable force after they detected contraband, and after defendant resisted their efforts to remove it.

We have considered and rejected defendant's argument concerning identification evidence. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.