18-1433-cv(L)
Heriveaux v. Lopez-Reyes

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

-----------------------------------------------------------------

EMILE HERIVEAUX,

*Plaintiff-Appellant*,

v.

Nos. 18-1433-cv(L),
18-2339-cv(CON)

MARIA YOLANDA LOPEZ-REYES,
VAN LEER & GREENBERG, ESQS.,
EVAN DANA VAN LEER-
GREENBERG, Individually,
HOWARD BARRY GREENBERG,

Individually, as agent of Van Leer & Greenberg, Esqs.,

*Defendants-Appellees*,

GREENBERG ESQS VAN LEER, Agent,

*Defendant*.

----------------------------------------------------------------

FOR APPELLANT:                    EMILE HERIVEAUX, *pro se*, Paramus, NJ.

FOR APPELLEES:                    EVAN VAN LEER-GREENBERG, Van Leer & Greenberg, Esqs., New York, NY.

Appeals from a judgment and an order of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED, the order is AFFIRMED IN PART, and the appeal from the order is DISMISSED IN PART as moot.

Emile Heriveaux, proceeding pro se, appeals from a judgment of the District Court (Nathan, J.), dismissing his complaint, in which he sought to set aside, declare void, and enjoin enforcement of a state court judgment under

2

Federal Rule of Civil Procedure 60(d)(3) based on the defendants' alleged fraud before the state court, and also sought damages pursuant to New York Judiciary Law § 487 for the same alleged fraud. Heriveaux also appeals from the District Court's order denying emergency relief. The two appeals are consolidated. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part as moot.

We review de novo the District Court's dismissal of a complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir. 2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). In reviewing a dismissal under Rule 12(b)(6), we construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers, 282 F.3d at 152. We liberally construe the submissions of a pro se litigant and interpret them to raise the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Heriveaux first argues that the District Court violated Federal Rule of Civil Procedure 72 by dismissing his case after it had previously been referred to a Magistrate Judge. But Heriveaux's case was referred to the Magistrate Judge only for pretrial matters, which did not include dispositive motions. Because Heriveaux's case was dismissed by the District Judge, there was no need for further proceedings under Rule 72.[1]

Heriveaux also argues that dismissal of his New York Judiciary Law § 487 claim based on res judicata was in error because the issue was not actually determined by the state court. But under New York law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008) (quotation marks omitted). Here, Heriveaux moved in state court to challenge orders entered against him, alleging that the orders were procured by fraud; he could have raised his section

---

[1] The District Court dismissed Heriveaux's claims of fraud on the court for lack of jurisdiction under the Rooker-Feldman doctrine. Heriveaux has abandoned any argument that the District Court was incorrect in doing so by failing to raise it on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995).

4

487 claim at that time. Accordingly, we agree with the District Court that this claim is barred by res judicata. See Robert v. Stephanie R. Cooper, P.C., 979 N.Y.S.2d 585, 586 (1st Dep't 2014). Indeed, Heriveaux concedes that New York law requires a section 487 claim against an attorney be brought in the action in which the fraud occurred. See Melnitzky v. Owen, 796 N.Y.S.2d 612, 612–13 (1st Dep't 2005). He nevertheless contends that an exception to that rule applies because the alleged fraud was "merely a means to the accomplishment of a larger fraudulent scheme which was greater in scope than the issues determined in the prior proceeding." Specialized Indus. Servs. Corp. v. Carter, 890 N.Y.S.2d 90, 92 (2d Dep't 2009) (quotation marks omitted). But in this case, Heriveaux has alleged only fraudulent acts that took place in the underlying litigation, and the exception therefore does not apply.

Finally, because we affirm the judgment, we dismiss as moot Heriveaux's appeal from the denial of his emergency request to enjoin the defendants from enforcing the state court judgment during the pendency of this action. To the extent that Heriveaux's emergency motion also sought a declaration that the state court judgment was void, his request duplicated the relief sought in his

5

amended complaint, and we affirm the District Court's order for the reasons discussed above.

We have considered Heriveaux's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the District Court's judgment, AFFIRM IN PART the order denying emergency relief, and DISMISS IN PART as moot the appeal from that order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6