■ MICHAEL MELNITZKY, Appellant, v EDWARD OWEN, Respondent. [796 NYS2d 612]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered February 23, 2004, dismissing the complaint, brought up for review by the appeal from an order, same court and Justice, entered February 11, 2004, which, in an action against an attorney pursuant to Judiciary Law § 487, granted defendant's motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff brought a prior action in Supreme Court which, insofar as pertinent, alleged false arrest against the City of New York and malicious prosecution against defendant's former clients. That action was dismissed as against the City upon a jury verdict finding that the police had probable cause to arrest plaintiff, and transferred to Civil Court with respect to the malicious prosecution claim against defendant's clients. Civil Court dismissed the malicious prosecution claim upon the ground that the jury verdict on the false arrest claim collaterally estopped plaintiff from asserting a necessary element of the malicious prosecution claim, namely, lack of probable cause to maintain the criminal proceeding. Plaintiff then commenced the instant action alleging that defendant deceived Civil Court by concealing that, prior to the transfer, two Justices of the Supreme Court had ruled that the jury verdict did not collaterally estop plaintiff from asserting lack of probable cause. The action was properly dismissed on the ground that plaintiff's remedy, if any, for defendant's alleged deception of Civil Court lies exclusively in the Civil Court action itself, not a second plenary action collaterally attacking the judgment in that action (*Yalkowsky v Century Apts. Assoc.*, 215 AD2d 214, 215 [1995]). Moreover, the claim of deception is patently without merit. The documentary evidence, including Civil Court's decision dismissing the malicious prosecution claim, clearly shows that Civil Court was fully briefed on the history of the case and on plaintiff's claim that there was law of the case in his favor on the issue of collateral estoppel. Civil Court's ruling that there was no such law of the case was not due to any deceit within the meaning of Judiciary Law § 487 (*compare Schindler v Issler & Schrage*, 262 AD2d

226 [1999], *lv dismissed* 94 NY2d 791 [1999]). Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.