■ JANET GIAIMO VITALE, Respondent, v ROBERT GIAIMO, Appellant. [960 NYS2d 161]—

In an action, inter alia, for repayment of loans, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 26, 2009, as denied his motion for summary judgment dismissing the complaint, (2) from an order of the same court dated June 30, 2009, (3) from an order of the same court dated August 26, 2009, which granted the plaintiff's motion for leave to serve an amended complaint, (4), as limited by his brief, from so much of an order of the same court dated July 16, 2010, as denied those branches of his motion which were for summary judgment dismissing the second and fourth causes of action in the amended complaint, and (5) from a judgment of the same court (Tolbert, J.) entered August 16, 2011, which, upon a decision of the same court entered June 8, 2011, made after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $249,862.89.

Ordered that the appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by reducing the principal sum awarded to the plaintiff from $249,862.89 to $35,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the defendant in the principal sum of $35,000.

Antoinette Giaimo commenced this action on July 3, 2007, against the defendant, her son, to recover certain sums of money which she allegedly advanced to him on 11 separate occasions between November 3, 1981, and April 2, 2002. Antoinette died approximately one year after commencing this action, and Janet Giaimo Vitale, her daughter, was substituted as the plaintiff in her capacity as the preliminary executor of Antoinette's estate. Thereafter, the plaintiff successfully moved for leave to serve an amended complaint naming herself in the additional capacity as the limited administrator of the estate of Edward Giaimo, Sr., Antoinette's deceased husband, and asserting additional causes of action against the defendant.

Prior to trial, the Supreme Court dismissed the majority of causes of action as time-barred. However, the court determined that the causes of action relating to sums of money allegedly advanced on June 1, 2001, August 14, 2001, and April 2, 2002, were timely.

At the nonjury trial, the only witness called by the plaintiff to testify was the defendant. He testified that his parents had made various gifts of money to him periodically over the course of many years and that he had never repaid his parents for any of these gifts. The defendant testified that his parents transferred sums of money to him in June and August 2001 as gifts, and that they never asked him to repay those sums of money. The defendant admitted to signing a document dated April 2, 2002, in which he promised to pay his father the sum of $35,000. He claimed that he signed the April 2002 document as an accommodation to his brother Edward, who "processed" the $35,000 transfer on behalf of their father. The defendant also testified that his mother told him that she did not file this action, but that her attorney did so and that she intended to fire him.

After the nonjury trial, the Supreme Court determined that the defendant's parents loaned him the sums of $54,061 on June 1, 2001, $160,261.89 on August 14, 2001, and $35,000 on April 2, 2002, and that the plaintiff was entitled to recovery on

the causes of action for repayment of those loans. Thereafter, judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $249,862.89. The defendant appeals from several intermediate orders and from the judgment.

The appeals from the intermediate orders dated June 30, 2009, and August 26, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). Moreover, the appeal from the order dated June 30, 2009, must also be dismissed as abandoned, as no issue regarding that order has been raised on appeal. The issues raised on the appeal from the order dated August 26, 2009, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the order dated March 26, 2009, must be dismissed, as the defendant is not aggrieved thereby in light of the fact that the judgment entered in this action does not award any damages on the causes of action which were the subject of the summary judgment motion determined in that order. Insofar as appealed from, that order denied the defendant's motion for summary judgment dismissing the original complaint, which, at that time, consisted solely of causes of action to recover on certain alleged promissory notes. However, the judgment entered in this action awards the principal sum of $249,862.89 to the plaintiff only on the causes of action asserted in the amended complaint for repayment of alleged loans, and, in effect, awards the plaintiff the sum of $0 on the alternatively pleaded causes of action to recover on alleged promissory notes. Therefore, since the judgment does not award recovery to the plaintiff on the causes of action to recover on alleged promissory notes, the defendant is not aggrieved by the Supreme Court's failure to award him summary judgment dismissing those causes of action in the order dated March 26, 2009. Similarly, since the only issues raised on the appeal from the order dated July 16, 2010, relate to the denial of summary judgment dismissing causes of action to recover on alleged promissory notes, the appeal from that order also must be dismissed on the ground that the defendant is not aggrieved thereby in light of the fact that the judgment entered in this action does not award any damages on the causes of action to recover on alleged promissory notes.

With respect to the order dated August 26, 2009, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to serve an amended complaint as-

serting additional causes of action for repayment of alleged loans and naming the plaintiff in an additional capacity as the limited administrator of the estate of Edward Giaimo, Sr. The amendments were "neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment[s] would prejudice or surprise the defendant" (*Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1158 [2011]; *see Courthouse Corporate Ctr., LLC v Schulman*, 89 AD3d 672 [2011]; *Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]).

The judgment entered August 16, 2011, should be modified. The Supreme Court awarded judgment to the plaintiff on three causes of action for the repayment of loans advanced to the defendant in June 2001, August 2001, and April 2002. In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Since the plaintiff failed to establish at trial a specified time of repayment for the June 2001 and August 2001 advances, they were payable on demand (*see Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 931 [2008]; *Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 319 [2004]). Thus, pursuant to CPLR 213 (2), the six-year statute of limitations on these causes of action began to run on the date the obligations were created (*see Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d at 931-932; *Cognetta v Valencia Devs., Inc.*, 8 AD3d at 319). First asserted in the amended complaint, the loan causes of action related back to the original complaint and the commencement of the action on July 3, 2007 (*see* CPLR 203 [c], [f]; *Pendleton v City of New York*, 44 AD3d 733, 736 [2007]). Accordingly, based on the facts adduced at the trial, the cause of action for repayment of the June 1, 2001, loan, brought more than six years after the date of accrual, was time-barred, and the Supreme Court should not have awarded recovery to the plaintiff on that cause of action.

Although the cause of action for the repayment of the sum of $160,261.89 allegedly loaned on August 14, 2001, was timely interposed, we nevertheless conclude that the Supreme Court's determination with respect to that cause of action is not supported by the facts adduced at the trial. The only evidence specifically bearing on the issue of whether the sum advanced on that date constituted a gift or a loan was the testimony of

the defendant, who explicitly testified that the money was given by his parents as a gift and that his parents never sought repayment of that sum. The plaintiff offered nothing evidencing that the defendant promised to repay the money transferred to him on August 14, 2001, and such a gift was consistent with the parents' past relationship with the defendant in which they gave him substantial sums of money over the span of several decades without seeking repayment. Accordingly, the Supreme Court's determination that the defendant's parents loaned him the sum of $160,261.89 on August 14, 2001, and that the defendant promised to repay that sum, is contrary to the weight of the credible evidence (*see Melius v Breslin*, 46 AD3d 524, 525 [2007]; *cf. Golding v Gottesman*, 41 AD3d 430, 430 [2007]; *Levine v Levine*, 24 AD3d 625, 625 [2005]).

However, we conclude that the verdict on the cause of action for repayment of the April 2002 loan in the sum of $35,000 was warranted by the facts.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.