■ LITTLE REST TWELVE, INC., Plaintiff, v NINA ZAJIC et al., Defendants. NINA ZAJIC et al., Third-Party Plaintiffs-Appellants, v MARTIN RUSSO et al., Third-Party Defendants-Respondents. [27 NYS3d 142]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 11, 2014, which, to the extent appealed from, granted third-party defendants' motion to dismiss the third-party complaint with prejudice, and declined to disqualify third-party defendants as plaintiff's counsel, unanimously modified, on the law, to make the dismissal without prejudice, and otherwise affirmed, without costs.

As discussed below, the motion to dismiss the third-party complaint was correctly granted. However, since it is based on a failure to state a cause of action, the dismissal should be without prejudice to apply upon a proper showing for leave to plead again (*Morpheus Capital Advisors LLC v UBS AG*, 105 AD3d 145, 154 [1st Dept 2013], *revd on other grounds* 23 NY3d 528 [2014]).

Third-party plaintiffs fail to allege a duty owed them by third-party defendants that would support a claim for contribution or indemnification (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]; *Garrett v Holiday Inns*, 86 AD2d 469, 471 [4th Dept 1982], *mod on other grounds* 58 NY2d 253 [1983]).

In support of the claim alleging a violation of Judiciary Law § 487, the third-party complaint contains no nonconclusory allegations that the alleged misconduct was "merely a means to the accomplishment of a larger fraudulent scheme" (*Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]) "greater in scope than the issues determined in the prior proceeding" (*Specialized Indus. Servs. Corp. v Carter*, 68 AD3d 750, 752 [2d Dept 2009] [internal quotation marks omitted]). Thus, the claim is not properly asserted in this action but would be appropriately raised in the still pending underlying action, where the alleged misconduct occurred (*see Seldon v Spinnell*, 95 AD3d 779 [1st Dept 2012], *lv denied* 20 NY3d 857 [2013]; *Melnitzky v Owen*, 19 AD3d 201 [1st Dept 2005]).

In support of the fraud claim, the third-party complaint fails to allege specific facts demonstrating which statements or filings were knowingly and materially false, and fails to identify misrepresentations actually made by third-party defendants (*see Barbarito v Zahavi*, 107 AD3d 416, 419 [1st Dept 2013]). Nor does it allege justifiable reliance (*see Lemle v Lemle*, 92

AD3d 494, 499 [1st Dept 2012]). The claim of aiding and abetting fraud fails to allege an underlying fraud (*see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [1st Dept 2009], *lv denied* 13 NY3d 709 [2009]).

Since the third-party complaint does not allege that third-party defendants, as plaintiff's attorneys, acted outside the scope of their authority as plaintiff's agents, it fails to state a cause of action for tortious interference with contract (*see Burger v Brookhaven Med. Arts Bldg.*, 131 AD2d 622, 623-624 [2d Dept 1987]; *Kartiganer Assoc. v Town of New Windsor*, 108 AD2d 898, 899 [2d Dept 1985], *appeal dismissed* 65 NY2d 925 [1985]). The third-party complaint also fails to identify the particular provision of the contract allegedly breached (*see Williams v Citigroup, Inc.*, 104 AD3d 521 [1st Dept 2013]).

In support of the assault and battery claims, third-party plaintiffs fail to allege that they themselves were either assaulted or battered by third-party defendants.

Under the circumstances of this case, and in view of its conclusion that the third-party complaint is "patently defective," the court properly declined to disqualify third-party defendants as plaintiff's counsel.

We have considered third-party plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.