■ Bipin Shah et al., Appellants, v Exxis, Inc., Doing Business as Taco Bell, et al., Respondents. [31 NYS3d 512]—

In an action, inter alia, to recover damages for breach of contract based on the failure to repay a loan, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated January 13, 2014, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging breach of contract and unjust enrichment insofar as asserted against the defendant Rajan Patiwana, individually, and to dismiss so much of the complaint as sought to recover a loan installment in the sum of $250,000.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss so much of the causes of action alleging breach of contract and unjust enrichment insofar as asserted against the defendant Rajan Patiwana, individually, as sought to recover a loan installment in the sum of $550,000, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The complaint alleges that on or about January 20, 2006, the plaintiffs entered into an oral contract in which they agreed to loan the defendant Rajan Patiwana the sum of $800,000, plus interest at 12% per year, payable in two installments on demand. On January 20, 2006, the plaintiffs made the first loan installment by depositing the sum of $250,000 via wire transfer into the account of the defendant Exxis, Inc., doing

business as Taco Bell (hereinafter Exxis, Inc.). The complaint further alleges that on or about August 16, 2007, the plaintiffs made the second loan installment in the sum of $550,000 via wire transfer into the account of Exxis, Inc. The complaint alleges that on January 1, 2012, the loan balance was still outstanding, and the plaintiffs demanded that the defendants repay the loan. Annexed to the complaint were certain of the plaintiffs' bank account statements indicating that the subject installment payments had been made to an account owned by Exxis, Inc.

In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against Patiwana, individually, and pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as sought to recover the initial $250,000 loan installment on statute of limitations grounds.

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 87-88). "In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]). "On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]).

Here, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss so much of the complaint as sought to recover the sum of $250,000, the alleged initial loan installment, pursuant to CPLR 3211 (a) (5)

on statute of limitations grounds. As the plaintiffs failed to allege in the complaint a specific time for repayment of the initial $250,000 installment, it was payable on demand, and their allegations based upon the failure to repay the initial installment accrued on January 20, 2006, the date those funds were advanced (see UCC 3-108; *Vitale v Giaimo*, 103 AD3d 835, 838 [2013]; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 931 [2008]; *Cognetta v Valencia Devs., Inc.*, 8 AD3d 318, 319 [2004]). Thus, pursuant to CPLR 213 (2), the plaintiffs had six years within which to commence an action to recover the initial $250,000 installment (see *Vitale v Giaimo*, 103 AD3d at 838; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d at 931-932; *Cognetta v Valencia Devs., Inc.*, 8 AD3d at 319). As the plaintiffs did not commence this action until April 2013, more than six years later, the defendants sustained their initial burden of proving that so much of the complaint as sought recovery of the $250,000 initial installment was untimely. In response to the defendants' prima facie showing, the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable with respect to the initial $250,000 installment (see *Williams-Guillaume v Bank of Am., N.A.*, 130 AD3d 1016, 1017 [2015]).

The Supreme Court, however, erred in granting that branch of defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the causes of action alleging breach of contract and unjust enrichment insofar as asserted against Patiwana, individually, as sought to recover a loan installment in the sum of $550,000. In support of their motion, the defendants argued that the installment payments were made to Exxis, Inc., rather than to Patiwana in his individual capacity. The defendants asserted that because a person may not generally be held liable on the contracts of their corporations, Patiwana could not be liable in his individual capacity. In opposition to the motion, the plaintiffs submitted an affidavit from the plaintiff Bipin Shah, who averred that the loan was a personal loan to Patiwana and that Patiwana directed that the installment payments be made to the account of Exxis, Inc. The complaint, as supplemented by Bipin Shah's affidavit, alleged that the plaintiffs and Patiwana, individually, entered into the loan, which was payable on demand, and that Patiwana directed the loaned sums to be transferred into the account of Exxis, Inc., of which Patiwana was the president and sole shareholder. Thus, the plaintiffs sufficiently pleaded causes of action alleging breach of contract insofar as asserted against Patiwana, individually, with respect to the loan installment in the sum of $550,000. Further, the bank account state-

ments annexed to the complaint, and relied upon by the defendants, did not refute the allegations, as a matter of law, that the loan agreement was made between the plaintiffs and Patiwana, rather than between the plaintiffs and Exxis, Inc.

Moreover, the plaintiffs sufficiently pleaded causes of action alleging unjust enrichment insofar as asserted against Patiwana, individually, with respect to the loan installment in the sum of $550,000, by alleging that Patiwana was enriched at their expense, and that it was against equity and good conscience to permit Patiwana to retain what is sought to be recovered (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], amended 31 NY2d 678 [1972], *and* 31 NY2d 710 [1972]; *Canzona v Atanasio*, 118 AD3d 841, 843 [2014]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss, on statute of limitations grounds, so much of the complaint as sought to recover the sum of $250,000, and should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the causes of action alleging breach of contract and unjust enrichment insofar as asserted against Patiwana, individually, as sought to recover a loan installment in the sum of $550,000. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.