■ CASTLESTONE MANAGEMENT LLC, Respondent, v LEON DIAMOND, Appellant. [32 NYS3d 502]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 10, 2015, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff seeks reimbursement, pursuant to an oral agreement with defendant, of sums it paid to settle claims brought against it by another former employee based on allegations of discrimination and harassment by defendant. Plaintiff acquired the legal right to demand reimbursement from defendant when it made the payment to the other employee (*see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770-771 [2012]). Since it did not file the complaint until more than six years after making that payment, its claims are time-barred (*see* CPLR 213 [1], [2]; *Maya NY, LLC v Hagler*, 106 AD3d 583, 585 [1st Dept 2013]).

Plaintiff argues that, because the agreement did not specify a time for performance, defendant's reimbursement payment was due, and the statute of limitations began to run, not when the settlement payment was made but within a reasonable time thereafter (*see e.g. Savasta v 470 Newport Assoc.*, 82 NY2d 763 [1993]). However, the law does not imply a reasonable time for performance where the sole contractual obligation is to make a monetary payment (*see Pine v Okoniewski*, 256 App Div 519, 521 [4th Dept 1939]; *Schmidt v McKay*, 555 F2d 30, 35 [2d Cir 1977]). Defendant's monetary reimbursement obligation became due as soon as plaintiff's settlement payment was made (*see Bradford, Eldred & Cuba R.R. Co. v New York, Lake Erie & W. R.R. Co.*, 123 NY 316, 326 [1890]; *Vitale v Giaimo*, 103 AD3d 835, 838 [2d Dept 2013]).

Plaintiff's alternative argument that defendant was not obligated to repay it until after he resigned in 2010 is inconsistent with the allegations in the complaint concerning the terms of the oral agreement. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.