■ STEVEN GAD, Appellant, v ALMOD DIAMONDS LTD. et al., Respondents. [45 NYS3d 790]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about January 19, 2016, which, to the extent appealed from as limited by the briefs, granted the branch of defendants' motion that sought dismissal of the amended complaint, unanimously affirmed, without costs.

The motion court correctly determined that plaintiff's claims for breach of contract, unjust enrichment, constructive trust, and breach of fiduciary duty are time-barred (*see* CPLR 213 [1], [2]; 214 [4]). The letter of understanding, signed by plaintiff and his brother Albert in 1995, in which plaintiff agreed that he would not ask for shares in defendant Almod Diamonds Ltd., the family company, and that only Albert would decide if and when shares of that company were distributed, constituted a breach of the alleged earlier oral agreement entitling plaintiff to 10% of the company. Thus, plaintiff's claims accrued upon execution of the letter (*see Castlestone Mgt. LLC v Diamond*, 140 AD3d 551 [1st Dept 2016], *lv denied* 28 NY3d 903 [2016]). Plaintiff's subsequent demand for shares in 2013, which was refused, did not extend the statute of limitations (*see ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc.*, 25 NY3d 581, 594 [2015]). Nor was the statute of limitations extended by the alleged subsequent amendment to the oral agreement, pursuant to which plaintiff would be compensated for his share of Almod by Almod agreeing to purchase diamonds from him (*see Dillon v Peretti*, 176 AD2d 497, 497-498 [1st Dept 1991]). The doctrine of equitable estoppel does not apply to bar the assertion of the statute of limitations defense, since plaintiff failed to allege that specific subsequent acts by defendants kept him from timely bringing suit (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 789 [2012]).

The motion court correctly dismissed plaintiff's promissory estoppel claim, because his alleged reliance on the oral promise, which was contradicted by the subsequent letter of understanding, was unreasonable and unjustified (*see generally Braddock v Braddock*, 60 AD3d 84, 95 [1st Dept 2009]; *see e.g. Oko v Walsh*, 28 AD3d 529, 529 [2d Dept 2006]). Moreover, since plaintiff was admittedly compensated for his labor in amounts he alleged were the equivalent to a 10% share in the company, he failed to adequately plead that any reliance on the oral promise was to his detriment (*see generally Braddock*, 60 AD3d at 95; *see e.g. Meyercord v Curry*, 38 AD3d 315, 316 [1st Dept 2007]).

Plaintiff has abandoned his fraud and quantum meruit claims, because he failed to raise any argument on appeal with respect to those claims.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.