Hutton Group, Inc. v Cameo Owners Corp. (2018 NY Slip Op 02352)





Hutton Group, Inc. v Cameo Owners Corp.


2018 NY Slip Op 02352


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06092
 (Index No. 71005/14)

[*1]The Hutton Group, Inc., respondent, 
v
Cameo Owners Corp., appellant.


Braverman Greenspun, P.C., New York, NY (Scott S. Greenspun of counsel), for appellant.
Ficara & Associates, P.C., Melville, NY (Todd J. Mainster of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated August 11, 2015, as denied those branches of its motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant, a corporation that owned a property located in Queens consisting of cooperative housing units, entered into an agreement. Pursuant to that agreement, the defendant engaged the plaintiff to convert the defendant's property from a cooperative to a condominium form of ownership. Thereafter, the plaintiff commenced this action against the defendant, alleging, inter alia, that the defendant breached the agreement. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court, inter alia, denied those branches of the defendant's motion, and the defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint based upon documentary evidence. "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). Here, the evidence that the defendant submitted in support of its motion did not utterly refute the plaintiff's factual allegations so as to conclusively establish a defense as a matter of law.
Further, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. "On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of [*2]every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Here, the defendant's proffered evidence failed to establish that a material fact as claimed by the plaintiff was not a fact at all and that no significant dispute exists regarding it.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court