Rssm CPA LLP v Bell (2018 NY Slip Op 04645)





Rssm CPA LLP v Bell


2018 NY Slip Op 04645


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6930 653533/14

[*1]RSSM CPA LLP, Plaintiff-Appellant,
v
Corey D. Bell, et al., Defendants, 
Michael Bernstein, Defendant-Respondent. 
[And Third Party Actions]


Garvey Schubert Barer, New York (Maurice W. Heller of counsel), for appellant.
Derfner & Gillett, LLP, New York (David P. Gillett of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 9, 2017, which, to the extent appealed from as limited by the briefs, granted defendant Bernstein's motion for partial summary judgment on his first counterclaim to the extent it seeks the balance of his capital account and dismissing in part the causes of action for breach of fiduciary duty, breach of the duty of loyalty, tortious interference with contract, and tortious interference with prospective contractual relations as against him, unanimously affirmed, without costs.
Defendant established prima facie on his breach of contract counterclaim that he was entitled to the balance of his capital account after leaving plaintiff's employ through his employment agreement, which provided that, upon his withdrawal from plaintiff "for any reason," plaintiff "shall pay to" defendant "the balance of his capital account" (see generally Bailey v Fish & Neave, 8 NY3d 523, 528 [2007]). In opposition, plaintiff failed to raise an issue of fact.
The parts of the breach of fiduciary duty and breach of the duty of loyalty causes of action based on allegations that defendant used plaintiff's confidential information to solicit clients and personnel away from plaintiff and that defendant improperly wrote off billable hours for clients and/or capped their bills are insufficiently particularized to raise an issue of fact, since they do not identify any of the clients or personnel referred to (see CPLR 3016[b]; Schroeder v Pinterest Inc., 133 AD3d 12, 25 [1st Dept 2015]).
The parts of the cause of action for tortious interference with contract not based on the other individual defendants' contracts do not identify the contracts that were interfered with and therefore fail to raise an issue of fact as to their existence (see Little Rest Twelve, Inc. v Zajic, 137 AD3d 540, 541 [1st Dept 2016]).
The parts of the cause of action for tortious interference with prospective economic relationships based on relationships with potential clients or unidentified former personnel of plaintiff are insufficient to show that plaintiff would have obtained those contracts but for defendant's tortious
interference (see Vigoda v DCA Prods. Plus, 293 AD2d 265, 266-267 [1st Dept 2002]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK