Melio v John T. Mather Mem. Hosp. (2018 NY Slip Op 06524)





Melio v John T. Mather Mem. Hosp.


2018 NY Slip Op 06524


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-04259
 (Index No. 6527/16)

[*1]Melissa Melio, et al., appellants, 
v
John T. Mather Memorial Hospital, respondent, et al., defendant.


Birzon, Strang & Associates, Smithtown, NY (Joseph K. Strang of counsel), for appellants.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated February 22, 2017. The order granted the motion of the defendant John T. Mather Memorial Hospital pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant John T. Mather Memorial Hospital which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2016, the injured plaintiff, Melissa Melio, and her husband suing derivatively (hereinafter together the plaintiffs), commenced this action alleging, inter alia, negligence and medical malpractice against the John T. Mather Memorial Hospital (hereinafter the hospital). Prior to joinder of issue, the hospital moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The Supreme Court granted the motion and the plaintiffs appeal.
" On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829, quoting Shah v Exxis, Inc., 138 AD3d 970, 971; see Leon v Martinez, 84 NY2d 83, 87-88).
We agree with the Supreme Court's determination granting that branch of the hospital's motion which was to dismiss the cause of action alleging medical malpractice, as there was no doctor-patient relationship between the injured plaintiff and the hospital (see Fox v Marshall, 88 AD3d 131). Contrary to the plaintiffs' contention, the complaint does not allege the type of special circumstances or relationship which have, under limited circumstances, provided the basis for extending a physician's duty of care to third parties (see Davis v South Nassau Communities Hosp., 26 NY3d 563; Tenuto v Lederle Labs., Div. of Am. Cyanamid Co., 90 NY2d 606; Fox v [*2]Marshall, 88 AD3d at 138).
However, we disagree with the Supreme Court's determination granting that branch of the hospital's motion which was to dismiss the causes of action alleging negligence. Accepting the facts as alleged in the complaint as true, and according the plaintiffs " the benefit of every possible favorable inference'" (Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d at 829, quoting Shah v Exxis, Inc., 138 AD3d at 971; see Leon v Martinez, 84 NY2d at 87-88), the complaint sufficiently alleges a cause of action to recover damages for negligence against the hospital (see Fox v Marshall, 88 AD3d at 137-138).
The hospital's remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court