Simon v Francinvest, S.A. (2019 NY Slip Op 08629)





Simon v Francinvest, S.A.


2019 NY Slip Op 08629


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10463 162867/14

[*1] Jean-Pascal Simon, Plaintiff-Appellant,
v
Francinvest, S.A., Nominal Defendant, French American Surgery Center, Inc., et al., Defendants-Respondents, George Kessler, et al., Defendants.


Jean-Pascal Simon, appellant pro se.
Lebow & Sokolow LLP, New York (Mark D. Lebow of counsel), for French American Surgery Center, Inc., French-American Clinic, Inc., JJS Group, Inc. and Jean-Francois Simon, respondents.
Schwartzman Garelik Walker & Troy, P.C., New York (Donald A. Pitofsky of counsel), for Fifth Avenue Surgery Center, LLC and Charles Raab, respondents.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Mario Castellitto of counsel), for VCC, Inc., respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 7, 2018, which, to the extent appealed from as limited by the briefs, granted in part defendants' motion to dismiss, and granted defendants Fifth Avenue Surgery Center, LLC (FASC), Charles Raab, and VCC, Inc. d/b/a Cicero Consulting Associates' (CCA) motions for summary judgment, unanimously modified, on the law, to deny defendants' motion to dismiss the ninth claim for fraud, and otherwise affirmed, without costs. The court properly dismissed the third, sixth, and seventh causes of action alleging rescission, fraud, and aiding and abetting fraud, respectively, against defendant Jean-Francois Simon (Francois), which are based on the sale of FASC, an ambulatory surgery center, allegedly at less than market value, because plaintiff failed to plead sufficient facts to show he had any ownership or investment interest in FASC. He conceded that he does not own shares in FASC, and he cites no evidence of any agreement to issue him shares or make him a shareholder or owner in exchange for his loans to FASC or the salary he waived as FASC's Medical Director; thus, these contributions were not agreed upon as "consideration for the issue of shares" (see Business Corporation Law § 504[a]; Kun v Fulop, 71 AD3d 832, 834 [2d Dept 2010], lv denied 15 NY3d 701 [2010]). Thus, he lacks standing to bring a derivative suit against Francois on FASC's behalf (Silverstein v Exciting Fashions, Inc., 281 AD 854, 854 [2d Dept 1953]).
As the trial court found, plaintiff also cannot bring a direct claim against Francois for fraud based on the sale of FASC at below market value because any alleged damage is to FASC (Gordon v Credno, 102 AD3d 584, 585 [1st Dept 2013]).
Absent a valid underlying fraud claim, the court also properly dismissed the seventh cause of action for aiding and abetting fraud against defendants Fifth Avenue Surgery Center, LLC (Fifth LLC), which acquired the surgery center in the sale, and defendant VCC, Inc. d/b/a [*2]Cicero Consulting Associates (CCA), which obtained the relevant medical licenses to transfer the surgery center to Fifth LLC (Oster v Kirschner, 77 AD3d 51, 55-56 [1st Dept 2010]; see also Little Rest Twelve, Inc. v Zajic, 137 AD3d 540, 541 [1st Dept 2016]).
In addition, the motion court properly dismissed the rescission claim for lack of standing, as plaintiff was not a shareholder in FASC or a party to the sale agreement at issue (see Romanoff v Superior Career Inst., 69 AD2d 856, 856 [2d Dept 1979]). In any case, rescission would not be an appropriate remedy in light of the expenditures defendant Fifth Avenue Surgery Center, LLC (Fifth LLC) made to the premises since it acquired the surgery center in 2009 (Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 71 [1st Dept 2002] [citations and quotation marks omitted]; Tarleton Bldg. Corp. v Spider Staging Sales Co., 26 AD2d 809 [1st Dept 1966]).
The court properly dismissed the fifth cause of action seeking a constructive trust against Fifth LLC because there is no evidence of any fiduciary relationship between plaintiff and Fifth LLC (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473-474 [1st Dept 2010]).
The court should not have granted the motion to dismiss the ninth cause of action, a double derivative claim alleging fraud against Francois on behalf of defendant JJS Group, Inc. (JJS), which owned the condominium out of which the surgery center operated, and which leased the premises, first to FASC and then to Fifth LLC. JJS is 80% owned by nominal defendant FrancInvest, S.A. (FrancInvest), in which plaintiff is a shareholder. The complaint alleged that Francois mismanaged JJS funds, including by refinancing the mortgage and keeping the cash-outs for himself, and receiving "kickbacks" for negotiating a below market rate lease for the property. The court concluded that plaintiff failed to plead with particularity how Francois had a duty to reveal his conduct, taken on behalf of JJS, to FrancInvest shareholders. However, as the court recognized, plaintiff, as a shareholder in JJS's parent corporation, had standing to bring a double derivative claim on behalf of JJS. Thus, plaintiff, standing in the shoes of JJS shareholders, was required to plead with particularity that Francois concealed material facts from JJS shareholders, not FrancInvest shareholders, which he did (Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]; see Euryclieia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Kaufman v Cohen, 307 AD2d 113, 119-120 [1st Dept 2003]; Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491, 492 [1st Dept 2006]; see CPLR 3016[b]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-493 [2008]). The complaint alleges that Francois was Vice President of JJS, and thus had a fiduciary duty to reveal his conduct to JJS shareholders. The allegations in the complaint also allow a reasonable inference that Francois concealed his alleged conduct from JJS shareholders. The court properly dismissed the eleventh claim for fraud against Francois based on the same conduct on behalf of JJS, brought derivatively on behalf of FrancInvest shareholders, for failure to plead with particularity Francois's duty to reveal his conduct on behalf of JJS to FrancInvest shareholders.
The court properly dismissed the claim seeking a permanent injunction which sought, inter alia, to restore FASC as the tenant of the property and owner of the surgery center because it failed to plead facts showing that defendants are presently causing or threatening to cause harm to plaintiff, as the conduct at issue occurred well before 2014, when plaintiff commenced the instant action (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 134 AD3d 1119, 1120 [2d Dept 2015] [citations omitted]; see also Lemle v Lemle, 92 AD3d 494, 500 [1st Dept 2012]) Plaintiff also failed to allege how monetary damages would be inadequate (Mini Mint Inc. v Citigroup, Inc., 83 AD3d 596, 597 [1st Dept 2011]). Regarding CCA, since the cause of action for aiding and abetting fraud was the only other claim against it, the court properly dismissed this claim on the additional ground that no substantive causes of action remained against CCA (Weinreb v 37 Apts. Corp., 97 AD3d 54, 59 [1st Dept 2012]).
The court properly denied leave to replead the dismissed claims, including the second cause of action for unjust enrichment based on the failure to repay plaintiff the funds he loaned to FASC in 1991, which the court dismissed as untimely. Plaintiff failed to submit arguments showing that he would be able to state any viable causes of action upon repleading (Genger v Genger, 135 AD3d 454, 455 [1st Dept 2016], lv denied 27 NY3d 912 [2016]).
The remaining dismissed claims have been abandoned (Gad v Almod Diamonds Ltd., 147 AD3d 417, 418 [1st Dept 2017]), and we find plaintiff's remaining arguments unavailing or improperly before this Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK