Casiano v Riverdale SNF, LLC (2024 NY Slip Op 04599)

Casiano v Riverdale SNF, LLC

2024 NY Slip Op 04599

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 801306/21 Appeal No. 2640 Case No. 2023-04008 

[*1]Bertha Casiano, Plaintiff-Appellant,
v
Riverdale SNF, LLC Doing Business as Schervier Rehabilitation and Nursing Center, Defendant-Respondent.

Mischel & Horn, P.C., New York (Christen Grannaros of counsel), for appellant.
Kaufman, Borgeest & Ryan, LLP, Valhalla (Mark Goreczny of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered July 7, 2023, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion with respect to the first, second and third causes of action, and otherwise affirmed, without costs.
The affirmation of plaintiff's expert was sufficient to raise a triable issue of fact as to defendant's liability and was not vague, conclusory, or speculative. Plaintiff's expert addressed the specific fall risk assessments that he opined were improper in view of plaintiff's fall history and the inaccurate or missing information concerning the relevant factors that were used in the assessment. He stated that plaintiff should have been found to be at high risk of falling throughout her residency at defendant's facility, and that due to the improper assessments he cited, sufficient interventions were not put in place to prevent falls, such as the use of a wheelchair or assistance in ambulating from two aides, which may have prevented her fall on October 14, 2019 that resulted in a broken hip. Plaintiff's expert also opined that the failure to put in place proper fall prevention measures that he outlined proximately caused the accident. Although defendant's expert disagreed and stated that the falls were unavoidable, conflicting expert affirmations raise issues of fact that cannot be resolved on a motion for summary judgment (see Diaz v NYU Langone Med. Ctr., 192 AD3d 534, 536 [1st Dept 2021]).
The statements by plaintiff's expert concerning what interventions were necessary to prevent falls did not constitute a new theory of liability. Plaintiff's bill of particulars put defendant on notice that plaintiff alleged departures from the standard of care by failing to implement an adequate fall prevention plan, provide adequate supervision and assistive devices to prevent accidents, and to implement proper interventions (see Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]).
We affirm so much of the order as dismissed the fourth cause of action, for gross negligence, as plaintiff abandoned her appeal with respect to the gross negligence claim by failing to make any argument addressing its dismissal in either of her appellate briefs, notwithstanding that the omission was pointed out in defendant's brief opposing
the appeal (see Tribbs v 326-338 E. 100th LLC, 215 AD3d 480, 481 [1st Dept 2023]; Gad v Almod Diamonds Ltd., 147 AD3d 417, 418 [1st Dept 2017]; Carey & Assoc. LLC v 521 Fifth Ave. Partners, 130 AD3d 469, 470 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024