Matter of Moran v McDonald (2025 NY Slip Op 06767)

Matter of Moran v McDonald

2025 NY Slip Op 06767

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-24-0776 CV-24-0781
[*1]In the Matter of Kevin Moran, Petitioner,
v
James . McDonald, as Commissioner of Health, Respondent. (Proceeding No. 1.)
In the Matter of Mary M. Dunn et al., Petitioners,
v
James . McDonald, as Commissioner of Health, Respondent. (Proceeding No. 2.)

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

O'Connell & Aronowitz, PC, Albany (Cornelius D. Murray of counsel), for Kevin Moran, petitioner.
Robert J. Costello, Manhasset and Davidoff Hutcher & Citron, LLP, New York City (Matthew R. Yogg of counsel), for Mary M. Dunn and others, petitioners.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceedings pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding that petitioners violated Public Health Law article 45 and imposing various penalties.
Petitioners are licensed funeral directors and, at the time of the events relevant herein, were the president, vice president, academic dean and/or instructors at the American Academy McAllister Institute of Funeral Service, Inc. (hereinafter AAMI), an institute that teaches courses in the field of mortuary arts and sciences for students seeking to become licensed funeral directors. As relevant here, candidates for licensure as funeral directors in New York are required to pass the National Board Examination (hereinafter NBE), a qualifying exam created by the International Conference of Funeral Service Examining Boards (hereinafter the conference), as a condition thereof. Unlike many exams of this sort, a candidate can schedule and take the NBE throughout the year, so at any given time multiple versions of the test are in circulation and, unsurprisingly, there is some overlap of the test questions on each version. As such, prior to taking the exam, a candidate must acknowledge that the contents of the test are confidential and agree to keep them confidential as a condition of taking the test. In 2013, the conference received an allegation from a former AAMI student that petitioners were asking students who had taken the test to share their recollection of specific NBE questions, and then collecting and sharing this information with AAMI staff and students preparing to take the test. Thereafter, the conference commenced a federal action against AAMI and its president individually for copyright infringement, trade secrets misappropriation and tortious interference with contractual relations. As a result of the action, the US District Court issued a warrant for the conference to obtain AAMI's computers and documents. The lawsuit settled in 2014, with AAMI agreeing to a permanent injunction prohibiting it from soliciting, requesting, harvesting or otherwise collecting or obtaining from any individual or entity any nonpublic, confidential questions or answers appearing on any of the conference's licensing examinations. Notably, the settlement agreement underlying the permanent injunction provided that the parties agreed that it should not be construed as an admission by any of the parties of any liability or wrongdoing, nor should it be construed as an admission of any act or fact whatsoever, including any violation of federal, state or local law, statute or ordinance.
As a result of the foregoing, the conference unilaterally invalidated the NBE passing results of 300 AAMI graduates and notified the jurisdictions listed on their applications of its action. In 2018, the Department of Health (hereinafter DOH) notified 94 licensed individuals whose scores had been invalidated that they would have to [*2]obtain valid scores prior to the next biannual registration. This led to chaos in the mortuary community — without valid passing scores, the affected individuals were, potentially, practicing without a license — resulting in various lawsuits against DOH. With remarkable swiftness, the Legislature stepped in and passed Laws of 2018, chapter 270, § 1, which provided that all then-licensed funeral directors in New York were presumed to have successfully passed the NBE. The statute provided that DOH could only rebut the presumption after both notice and a hearing were provided to those whose scores were questioned. DOH concedes that it made no attempt to rebut the presumption with respect to any of the 94 individuals whose scores had been "invalidated" by the conference.
Also in 2018, DOH commenced an action against petitioners, alleging that they violated Public Health Law § 3455. This statute provides that "[a]ny person who shall . . . obtain or attempt to obtain or aid in obtaining any license or certificate under this article by any false or fraudulent statement or representation . . . shall be guilty of a misdemeanor" (Public Health Law § 3455 [1] [a] [emphasis added]). It further mandates that DOH shall report substantiated violations of this provision to the Attorney General for "prompt prosecution" (Public Health Law § 3455 [5]). Here, DOH accused petitioners of engaging in a "wide-spread conspiracy to induce hundreds of applicants for funeral director licenses in New York State to violate [Public Health Law] § 3455 (1) (a) . . . by directing, advising, assisting and exhorting . . . students . . . to disclose . . . questions on the examination [to petitioners]," which they then shared with other students who were preparing to take the examination. Following a hearing, the Administrative Law Judge issued a report sustaining the charges and recommending, among other things, suspension or revocation of each petitioner's license. Respondent adopted the Administrative Law Judge's report and recommendations in full. In 2024, one of the petitioners commenced proceeding No. 1, a CPLR article 78 proceeding seeking to annul respondent's determination. Shortly thereafter, the remaining petitioners commenced proceeding No. 2 seeking the same relief. Both proceedings were transferred to this Court, pursuant to CPLR 7804 (g), and this Court determined that the matters should be joined and heard together.
Initially, petitioners contend that DOH lacked the authority to prove a violation of Public Health Law § 3455 (1) (a) in an administrative proceeding. They argue that Public Health Law § 3455 (1) (a), as demonstrated by its clear and unambiguous language, is a criminal provision, the violation of which constitutes a misdemeanor — with an attendant two-year statute of limitations (see CPL 30.10 [2] [c]) — and provides for mandatory referral to the Attorney General for "prompt prosecution" (Public Health Law § 3455 [5]). Here, no referral was made, and, more [*3]importantly, since the period in question concluded in 2014, the administrative proceeding, which commenced in 2018, was time-barred. Respondent replies that Public Health Law § 3450 (1) (a) affords him the authority to revoke or suspend a license upon proof that the licensee has violated any provision of Public Health Law article 34, including section 3455, and that he has the option to proceed administratively under the statute. In response, petitioners argue that any "violation" of Public Health Law § 3455 (1) (a) must necessarily be criminal in nature.
Assuming, without deciding, that DOH had the authority to proceed under section 3455, its case must still fail. Taken at face value, petitioners harvested questions and answers and distributed these to the applicants. While this might not have been the right thing to do, and the conference was arguably harmed in that it had to retire a "significant number of questions" and "halt testing for [AAMI] graduates for a certain period of time so that completely new questions could be written," petitioners themselves simply made no "false or fraudulent statement or representation." While an applicant may have engaged in a violation of their private nondisclosure agreement with the conference and its test administrator, that conduct cannot be attributed to petitioners and then somehow morph into a "false or fraudulent statement or representation" in order to fit the statute.
DOH attempts to overcome this by arguing that the false statement(s) in question were not made by petitioners, but are actually those made by the applicants in reporting their allegedly inflated passing scores to the state for licensure. Initially, we find this to be a tortured reading of the statute. Nevertheless, even were we to credit this interpretation, the argument is defeated by Laws of 2018, chapter 270, § 1. Crucial to the matter before us, it is undisputed that DOH never even attempted to rebut the presumption of validity that the statute bequeathed upon the licenses of those that petitioners are said to have aided or induced into violating Public Health Law § 3455 (1) (a). The elements of aiding a fraud under New York law are: (1) an underlying fraud; (2) actual knowledge; and (3) substantial assistance (see Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). Here, there simply is no underlying fraud due to the unrebutted presumption that the funeral directors successfully passed the examination and that the scores were valid, i.e., since the test takers cannot be said to have obtained their licenses through a false or fraudulent statement or representation, petitioners cannot have aided them in same. Thus, absent a valid underlying fraud, there cannot be an action for aiding fraud (see Simon v FrancInvest, S.A., 178 AD3d 436, 437 [1st Dept 2019], appeal dismissed 35 NY3d 1057 [2020]; Little Rest Twelve, Inc. v Zajic, 137 AD3d 540, 541 [1st Dept 2016]). Accordingly, the petitions should be granted and the determination annulled[*4]. Based on the foregoing, petitioners' remaining contentions have been rendered academic.
Pritzker, J.P., Ceresia, McShan and Powers, JJ., concur.
ADJUDGED that the determination is annulled without costs, and petition granted.